The opinion of the Court was delivered by
Nora, J.
The view which the Court has taken of the second ground made in this case, renders it unnecessary to decide the first, aud the diversity of opinions prevailing- in the Court respecting it, renders it inexpedient that I should express my own.
Both parties were aware of the unsoundness at the time of the contract, but both perhaps ignorant of the extent of the injury. Hence the cause and the necessity of the warranty to indemnify the purchaser against the possible and even probable result, that it might become, as it actually has, permanent and incurable. It was a matter of contract on the part of the defendant, and whether the plaintiff knew of the unsoundness or not, was immaterial; the defendant is bound to perform his contract. If it had been an implied warranty, arising from the soundness of price, it would have been rebutted by the plaintiff’s knowledge of the fact, or if it had been the object of sense alone, as the total loss of a leg or an eye, &c., it would not *have been embraced in a general warranty;[1] but being a case in which great skill and judgment were required to be exercised, it must be considered as coming within the warranty, unless a special exception had been made. Being a plain matter of contract, the terms of which were stipulated by the parties themselves, the difference between the value of the negro, if sound, and his value in the situation which he was, became the rule by which the damages ought to have been estimated. The testimony on the point was clear and uncon-tradicted, and the jury were not authorized to disregard it, and adopt an arbitrary rule of their own, unsupported by any testimony.[2] The verdict was clearly against evidence, and a new trial must be granted.
CoiiCOOK, -RichARDson, and HugeR, JJ., concurred.
*685 See 6 Rich. 169.

 Chev. 188.

 See 4 McC. 157.

 Ante, 186.