Heath *v.* Whidden.

JOHN HEATH & *al. versus* RANDALL WHIDDEN.

*It is in the election of a subsequent grantee of a mortgagor, with covenants against incumbrances and for quiet enjoyment, to elect to redeem as under the former, or to suffer an eviction as under the latter. If he redeems, his right of action will commence from the time of such redemption; but if he waits for an eviction, his right of action will then take place.*

*The covenant for quiet enjoyment runs with the land, and descends to heirs; but that against incumbrances does not.*

*If twenty years had elapsed from the time the cause of action arose for breach of the covenants for quiet enjoyment, without any explanation, satisfaction would be presumed; but no period short of that, without other circumstances tending to raise the presumption, would be sufficient.*

*In a special action on the covenants of a deed of warranty containing the usual covenants, setting out all the facts, and alleging a breach of the covenant against incumbrances, it is competent for the Court to permit an amendment by alleging a breach of the covenant for quiet enjoyment.*

COVENANT broken. The plaintiffs in their declaration set out a warranty deed, with the usual covenants, made by the defendant to Nathaniel Herrick, the father of the demandants, dated Oct. 17, 1818, and conclude as follows. "The said Sanger, by virtue of his mortgage aforesaid, entered upon the said lot of land, or farm, and evicted the said plaintiffs of the said lot of land, or farm, and have held them out to the time of the date of this writ. And so the said Whidden, his covenants against incumbrances aforesaid, hath not kept, but hath broken the same." The writ was dated Feb. 17, 1841.

On Feb. 6, 1816, the defendant mortgaged the premises to Calvin Sanger, to secure the payment of a sum of money. On Oct. 17, 1818, he conveyed the same premises to Nathaniel Herrick by deed of warranty. On Jan. 5, 1821, Herrick died, and the plaintiffs are his children and heirs; and in September, 1826, Sanger entered into the premises under his mortgage, "and evicted the plaintiffs." The plaintiffs at that time were all minors. The case does not show, whether the mortgage had, or had not been foreclosed.

It was agreed that this case should be argued in writing, but no argument was furnished to the Court on the part of the plaintiffs.

*J. Appleton* and *J. B. Hill,* for the plaintiffs.

*Blake,* in his argument for the defendant, took these objections.

The covenants against incumbrances and of seizin are *in presenti;* and if not true, are broken the moment they are made; and then the statute of limitations commences running, for then the cause of action accrues. *Prescott* v. *Trueman,* 4 Mass. R. 630; *Bean* v. *Mayo,* 5 Greenl. 95; *Clark* v. *Swift,* 3 Metc. 392.

More than twenty years having elapsed after the covenant was made before the suit was commenced, it is thereby barred. Although the plaintiffs were minors when their father died, the limitation, having once commenced running, continued on notwithstanding the minority. *Dow* v. *Warren,* 6 Mass. R. 328.

The covenant against incumbrances does not run with the land; is but a chose in action; and does not descend to heirs, but goes to the executor or administrator. *Mitchell* v. *Warner,* 5 Conn. R. 497; 4 Kent, 471. The action, then, cannot be sustained in the name of the present plaintiffs.

The opinion of the Court was by

WHITMAN C. J. — The ancestor to the plaintiffs purchased of the defendant, by deed of general warranty, a farm in Sangerville, in this State, which the defendant had before mortgaged to one Sanger. The ancestor of the plaintiffs died in 1821, leaving the plaintiffs, his children and heirs, who entered into and became seized and possessed of the farm; and, in 1826, were evicted therefrom, by reason of the elder and better title thereto, held under said mortgage. The plaintiffs, in their writ and declaration, have set forth specially the elder and better title by which they have been ousted; at the same time calling it an incumbrance. This is at variance with the ordinary mode of declaring in case of an eviction; and we are unable to conclude that the declaration upon that ground is sufficient. If it were the plaintiffs might recover.

A mortgage is an incumbrance, and, at the same time, an outstanding title, defeasible upon the performance of certain

conditions. It is in the election of the subsequent grantee of the mortgagor, with covenants against incumbrances, and for quiet enjoyment, to elect to redeem, as under the former, or to suffer an eviction, as under the latter. If he redeems his right of action will commence from the time of such redemption. If he waits for an eviction his right of action will then take place. The covenant for quiet enjoyment, running with the land, descends to his heirs. The plaintiffs, therefore, being heirs of the subsequent grantee of the mortgagor, the defendant, and having been evicted in 1826, a right of action then accrued to them, against him upon his covenant for quiet enjoyment. The defendant, under such circumstances, may show satisfaction in defence. This might be presumed from lapse of time, although the statute has provided no particular period for the purpose. If twenty years had elapsed from the time the cause of action arose, without any explanation, satisfaction would be presumed; but no period short of that, without other circumstances tending to raise the presumption, would be sufficient. In this case but about fifteen years had elapsed since the eviction, and without evidence tending to raise a presumption of satisfaction, before the action was commenced. We do not therefore think proper to order a nonsuit; but in order that the plaintiffs may obtain liberty to amend, so as to make the declaration what it should be, viz. a declaration for an eviction, we discharge the agreement and leave the cause open for further proceedings.