### AIKEN v. McDONALD.

1. BREACH OF WARRANTY—TIME.—The measure of damages for the breach of warranty in a deed of conveyance is that fixed by the statute in force when the covenant was made, to wit: at the date of the deed, and not by the statute in force at the time of eviction.

2. IBID.—PARTIAL BREACH—DAMAGES.—Where a vendor conveys with full warranty a tract of land to which he has title only for the lifetime of a third person, and his vendee is evicted after the death of such person, there is only a partial breach of the warranty, and in measuring the damages for such breach, the value of this life interest must be estimated in its proportion to the amount fixed by the statute as the measure of damages for a total breach, and deducted therefrom.

Before WATTS, J., Fairfield, March, 1894.

Action by Margaret J. Aiken against James E. McDonald and Chas. A. Douglass, as executors of T. W. Rabb, deceased.

*Messrs. Alston & Patton,* for appellants.

*Messrs. Ragsdale & Ragsdale,* contra.

January 8, 1895.   The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.   On the 27th day of December, 1869, defendant's testator, by a deed containing full covenants of warranty, conveyed a certain tract of land, containing seventy-four acres, in fee simple to one Wm. Bell, in consideration of the sum of four hundred and fifty dollars. On the 31st of August, 1885, all the right, title, and interest of the said Wm. Bell, by several intermediate conveyances, became vested in the plaintiff herein.   It is conceded that the testator, Thomas W. Rabb, was not seized of an estate in fee in the said land, but only of an estate for the life of one Mary Marion, and that such estate passed by the deed of 1869 to the said Wm. Bell and those claiming under him by the said several successive intermediate conveyances, and finally became vested in the plaintiff herein.   This life estate terminated by the death of Mary Marion on the 21st of January, 1886.   It seems that, although the life estate of Mary Marion fell in on the day last mentioned, the plaintiff herein was not disturbed in her possession of the premises until the 6th of February, 1890, when the remaindermen commenced their action against the plaintiff herein to recover possession of the same, of which action the defendants received due notice.   That action resulted in a judgment in favor of the remaindermen, under which judgment the plaintiff herein has been evicted.

Thereupon this action was commenced to recover damages for the breach of the warranty contained in testator's deed to the said Wm. Bell, wherein it is claimed that the plaintiff is entitled to recover the sum of four hundred and fifty dollars (the consideration mentioned in the deed from Thos. W. Rabb to Wm. Bell), with interest thereon from the date of said deed, to wit: 27th December, 1869, after deducting certain payments admitted to have been made by defendant before the com-

mencement of this action; it being also admitted that the costs of the action under which plaintiff had been evicted by the remaindermen had been paid by the defendants. The defendants in their answer, as a first defence, while admitting all the material allegations *of fact* in the complaint, take issue with the plaintiff as to the legal measure of damages therein claimed. For a second defence, they plead satisfaction of plaintiff's claim by payment before the commencement of the action.

In the "Case" we find the following: "AGREED STATEMENT OF FACTS: It is agreed by counsel in this case, that Miss Mary Marion died on the 21st day of January, 1886; that Thomas W. Rabb had a valid estate in the premises in question for the term of her life, and that his deed passed this estate to his grantee, and by due course of conveyance to the plaintiff; that the value of the use of the estate was the annual sum of $75; that these facts be considered as duly pleaded, and that they be given whatever consideration they may be entitled to; and that a 'jury trial be waived."

The Circuit Judge, in his decree, held that the true measure of damages which the plaintiff was entitled to recover was the purchase money mentioned in the deed from Thomas W. Rabb to Wm. Bell, four hundred and fifty dollars, with interest thereon from the date of said deed, viz: 27th December, 1869; and as it was admitted that the defendants had paid the costs of the action under which plaintiff was evicted, and had also made certain other payments to the plaintiff, aggregating the sum of five hundred and five 45–100 dollars, he rendered judgment in favor of the plaintiff for the said sum of four hundred and fifty dollars and interest, less the sum of said payments. From this judgment defendants appeal upon the several grounds set out in the record, which need not be specifically stated here, as, with the exception of the first, they make the single question as to what is the true measure of damages in this case.

The Circuit Judge held that the law which was in force, the act of 1824, at the time of the making of the contract upon which this action is based, must govern, and that it could not be affected by the subsequent change in the law

by the act of 1879, and the first ground of appeal imputes error to the Circuit Judge in so holding. The plaintiff bases her action upon the ground that she is the assignee of the covenants contained in the deed of 27th of December, 1869, and upon well settled principles, we think it clear that the contract for the breach of which she sues must be governed by the law which was in force at the time such contract was made. But as the very intelligent counsel, who so ably argued the other point in the case, while not abandoning the first ground, did not press it, we need not pursue the subject further.

We come, then, to the main question in this case, which may be thus stated: In an action to recover damages for the breach of a covenant of warranty contained in a conveyance of real estate, is the same measure of damages to be applied to a case where there has been only a *partial* breach of the warranty, as would be applied where there has been a *total* breach of the warranty? It seems to us, that to the question thus stated there can be but one answer. It would be contrary to the plainest principles of justice, that one who has lost only a portion of the thing purchased should be entitled to just as much damages as if he had lost the whole of the thing purchased. It is, however, contended by the counsel for respondents, and the Circuit Judge so held, that under the act of 1824, as construed in the case of *Lowrance* v. *Robertson*, 10 S. C., 8, the measure of damages adopted by the Circuit Judge is fixed by statute, and cannot be departed from. This is undoubtedly true where there has been a *total* breach of the warranty, but it by no means follows that the same measure must be applied where there has been only a *partial* breach of the warranty.

In the case of *Earle* v. *Middleton*, Cheves, 127, decided in 1840, the action was upon a covenant of warranty in a deed from Middleton to Earle, purporting to convey 1,020 acres of land, and the breach assigned was the loss of 131 acres by paramount title in a third person. Plaintiff recovered judgment for the value of the 131 acres, and the judgment was affirmed. In that case, O'Neall, J., used the following language: "The A A. 1824, sec. 4, p. 24, enacts, in affirmance of the rule

as laid down in *Furman* v. *Elmore*, 2 Nott & McC., 189 (decided in 1812), *Bond* v. *Quattlebaum* (1 McCord, 584, decided in 1822), and the other cases decided at law, that in any action or suit at law or in equity for reimbursements or damages upon covenant or otherwise, the true measure of damages shall be the amount of the purchase money at the time of alienation, with legal interest. Testing the case before us by this act, or by the rule of law settled long before it was enacted, there can be no doubt that the jury adopted the true measure of damages in giving to the plaintiff the proportion of the purchase money which the land recovered bore to the whole tract, with interest from the date of his deed." The same doctrine was recognized and applied in the cases of *Wallace* v. *Talbot*, 1 McCord, 466, and *Crawford* v. *Crawford*, 1 Bail., 128, where there was only a partial breach of the warranty, by a deficiency in the number of acres of the land sold. The fact that these cases arose prior to the passage of the act of 1824 cannot make any difference, if, as O'Neall, J., *supra*, said (what is undoubtedly the fact), the act of 1824 was but an affirmance of the rule which had been settled in this State ever since the case of *Furman* v. *Elmore*, *supra*. In addition to this, we have two cases in this State which arose since the passage of the act of 1824, *Lewis* v. *Lewis*, 5 Rich., 12, and *Jeter* v. *Glenn*, 9 Rich., 374, in which there was a partial breach of warranty by outstanding estates of dower, and in which the same rule for the measurement of damages was applied.

If, then, the rule requires that in case of a partial breach of the warranty by a failure of title to a portion of the thing conveyed, there shall be an apportionment of the measure of damages fixed by the statute, based upon the relative values of that portion to which the title fails, and of that portion to which the title proves to be good, we do not see why, upon the same principle, there should not be a similar apportionment in a case where there is a partial breach of the warranty by reason of a failure of title to a portion of the *estate* conveyed. In this case it is conceded that Thomas W. Rabb had a valid estate in the land for the life of Mary Marion, and that such estate passed by his conveyance to Wm. Bell, and the same was enjoyed by

him and his grantees for the term of sixteen years, and that such estate was of the annual rental value of seventy-five dollars. It seems to us that this life estate must be regarded as representing a portion of the purchase money mentioned as the consideration of the deed to Wm. Bell, and that upon the plainest principles of law and justice the estate of the testator can only be held liable for so much of the purchase money (with the interest thereon) as represented the balance of the estate, which did not pass by his deed to Bell, to wit: the estate in remainder after the termination of the life estate of Mary Marion. As the sum of $450 mentioned as the consideration of the deed to Bell must be regarded as the value of the fee in the land, in order to arrive at the true measure of damages occasioned by the partial breach of the covenants of warranty, it will be necessary to ascertain the relative value of the life estate of Mary Marion, assuming that the sum of $450 was the value of the fee, and the value of the life estate ascertained upon this basis, should be deducted from the said sum, and the balance, with interest thereon from the date of the deed from Rabb to Bell, will constitute the true measure of the plaintiff's damages, from which all payments made by defendants to plaintiff must, of course, be deducted.

While no case has been cited, and we have been unable to find any, in which the *precise* point made by this appeal has been decided in this State, yet we think that the analogies afforded by the cases which we have cited not only warrant but necessarily require us to adopt the conclusion which we have reached. Even the case of *Lowrance* v. *Robertson, supra,* so strongly relied upon by counsel for respondent, is not only not in conflict with our view, but, inferentially, at least, supports it. In the first place, that was not a case of a partial breach of warranty, but was a case of a total breach; and the language used in that case, in vindication of the rule there adopted, indicated very plainly that the court there had in mind only a case where there was a *total* breach of warranty. Amongst other things, it is there said: "For if a person sells land for which he has no title to another, there is certainly no injustice, so far as he is concerned, in taking from him the purchase

money and interest for the time for which he has had the money, for it is simply taking from him that which, in equity and good conscience, was never his, and which he ought never to have had."

This language, while very appropriate to a case where there has been a *total* breach of the warranty, would be so wholly inapplicable to a case where there had been only a *partial* breach of the warranty, as to be not only untrue but absurd. Take the present case as an illustration—it could not with any propriety or truth be said that the testator, Rabb, sold land for which he had *no* title, for it is conceded that he did have a good and valid title for the life of Mary Marion, which, as the event proved, enured to the benefit of his grantees for the term of sixteen years; nor could it be said that there was no injustice in taking from him money which, in equity and good conscience, was never his, for it cannot be denied that so much of the purchase money as represented the value of the life estate was his, both in equity and good conscience, obtained by parting with an estate of the annual rental value of seventy-five dollars, which enured to his grantee's benefit for the term of sixteen years. The fact that the plaintiff enjoyed the benefits of the life estate for only a small portion (about five months) of the sixteen years during which the successive grantees of Rabb enjoyed that estate, cannot affect the question; for she can only maintain this action as assignee, and she cannot stand in any higher or better position than her assignors.

But while, as we have said, there is no case in our own State, so far as we are informed, which is precisely in point, the research of appellant's counsel has furnished us with abundant authority from standard text writers, and decisions in other States, which fully support our view. See, also, the case of *Brooks* v. *Black*, 24 Am. St. Rep., at page 267, where Mr. Freeman, the learned editor of that valuable publication, has collected in a note a number of cases in support of the view which we have adopted.

Counsel for appellant has asked this court, in the event his appeal is sustained, to go on and fix the value of the life estate, and thus ascertain whether the plaintiff is entitled to recover

anything, claiming that after deducting the admitted payments there will be really nothing due. Inasmuch as the question of the value of the life estate was not considered or passed upon by the court below, we doubt the propriety of this court undertaking to do so, and, therefore, without intimating any opinion as to the proper rule for ascertaining such value, we will simply reverse the judgment, and remand that question to the Circuit Court.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial, in order that the views herein announced may be carried into effect.