7075

## FOLK v. GRAHAM.

1. WARRANTY.—A DEED conveying the right title and interest of grantor to the lands within certain boundaries estimated to contain a certain number of acres and warranting a less number is valid, and the warranty only covers the quantity expressed therein, and grantee can only recover of grantor so much of the warranted land as he has lost by title paramount, and the amount of recovery is the purchase price of the land.

2. WRITTEN INSTRUMENTS—DEEDS.—IT IS THE DUTY OF THE COURT and not of the witness or party to construe a deed, and it is error to permit grantee to give his construction or understanding of a deed.

Before MEMMINGER, J., Bamberg, Fall Term, 1907. Reversed.

Action by John F. Folk against Benjamin Graham. From judgment for plaintiff, defendant appeals.

*Messrs. B. T. Rice* and *R. C. Holman,* for appellant, cite: *As to the construction of a deed:* 1 McM., 462; 19 Johns., 97; 3 Strob., 203; 1 Bail., 128; 8 Rich. L., 328.

*Mr. James Aldrich Wyman,* contra. No argument furnished Reporter.

November 28, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The plaintiff by his amended complaint alleges: That on the 26th day of February, 1901, the defendant, for a valuable consideration, conveyed by deed to the plaintiff, in fee simple, a certain tract of land situate in Bamberg county, containing 1,276 acres, more or less, while the grantor only warrants 1,000 acres. That the deed contained the usual covenant: And I do hereby bind myself and my heirs, etc. That the plaintiff lawfully entered upon a part of the said premises, and became seized

thereof accordingly, but a portion was in the possession of one Mrs. Julia R. Carroll, who claimed the same as her own. That the defendant has not warranted and defended that portion occupied by Mrs. Carroll; that plaintiff brought action in the Court of Common Pleas for the recovery of same, and a verdict was rendered in favor of Mrs. Carroll, and that Mrs. Carroll still lawfully holds him out of the same, to his damage five hundred dollars.

That the said premises so occupied are within the bounds of the land conveyed by the defendant to this plaintiff.

The second and third causes of action are the same as the first, except a different parcel of land held by one Jacob Butterfield, and for which he claims damages for one hundred dollars; and another portion of said tract being in possession of persons claiming under Abraham Middleton, for which he claims damages for six hundred dollars.

The plaintiff demanded judgment in all for twelve hundred dollars.

The answer of the defendant denies the first, second, third and fourth paragraphs of the complaint, and alleges: That on the 26th day of February, 1901, in consideration of the sum of one thousand dollars, this defendant conveyed to the plaintiff a tract of land in Bamberg county, but the deed only warranted one thousand acres; and that in a suit in the Court of Common Pleas the plaintiff agreed, in open Court, to a verdict vesting the same in Julia R. Carroll, and such action relieves defendant from any liability.

The answer to the second cause is practically the same as the first, except that defendant denies that the seven acres of land held by Joseph Butterfield was described in his deed to plaintiff.

The third cause of action, relating to the sixty-nine acres of land held by persons claiming under Abraham Middleton, is not a part of the land conveyed to the plaintiff, but that Middleton holds the land by title older and better than that of the plaintiff.

Wherefore, defendant demands judgment that the complaint be dismissed, with costs.

This case came on to be heard before Judge Watts in April, 1906, and the following is a copy of the Judge's order:

"The above entitled cause coming on to be heard upon the pleadings, a demurrer having been interposed by the defendant on the grounds that the complaint does not state facts sufficient to sustain a cause of action, and upon the additional grounds that the Court has no jurisdiction of the defendant. After hearing B. T. Rice, Esq., for the defendant, and J. Aldrich Wyman, Esq., for the plaintiff, it is ordered that the demurrer of the defendant be overruled in all respects, except as to the first cause of action, and as to the same the second ground of demurrer alone is sustained. Further ordered, that the plaintiff have leave to amend his complaint as to the first cause of action set forth in his complaint, and he shall serve a copy of said amended complaint upon the attorney of the defendant, and the said attorney shall have twenty (20) days, after service of amended complaint, within which to answer said complaint."

The cause then came on to be heard before his Honor, R. W. Memminger, and a jury, at the fall term, 1907, After the charge by his Honor, the jury rendered a verdict in favor of the plaintiff for six hundred and ninety-five and 80-100 ($695.80) dollars.

The defendant now appeals upon six exceptions, which we will consider in their order:

1. "Because his Honor erred in refusing defendant-appellant's motion for nonsuit at the trial of the cause, upon the ground that the deed from Benjamin Graham to John F. Folk, dated February the 26, 1901, contained a limited warranty to one thousand acres of land only, and that the testimony of plaintiff, John F. Folk, showed that he was in the peaceable possession of at least

one thousand (1,000) acres of land; and his Honor erred in not granting the motion of nonsuit made by the defendant at the close of the plaintiff's case."

The presiding Judge erred in refusing defendant's motion for a nonsuit, on the ground that the deed expressly warranted one thousand acres, and Folk was in the peaceable possession of at least one thousand acres.

It was held in *Easterby* v. *Hilbron,* 1 McMullan, 462: "It is the fundamental rule of construction of all written instruments by the Court, to ascertain the intention of the parties from the instrument." See, also, *Morris* v. *Owens,* 3 Strobart, 203. This exception is sustained.

2. "That his Honor erred in charging the jury that the covenants of warranty in the said deed extended to and covered all the lands embraced in said deed; whereas, his Honor should have held that it was the clear intent of the grantor to convey one thousand acres of land with the covenant of warranty, and to limit said covenants to one thousand acres of land only."

We think his Honor erred in charging the jury as presented by this exception. The grantor clearly warranted one thousand acres by his deed, and he should have so charged. In the case of *Morris* v. *Owens, supra,* Judge Wardlaw says: "The declaration of the grantor that he conveys only 200 acres is equivalent to a declaration that he does convey 200 acres; the reference to the claim of Goode, as a thing whose extent is to be found coupled with the conveyance of 200 acres, is a representation that at least 200 acres will remain after satisfaction of that claim; and the provision for the grantee's right, in case that more than 200 acres should remain, with entire silence as to the case of less remaining, and the omission of the words 'more or less,' or any words expressive of uncertainty, show that quantity was in the contemplation of the parties, and the number of acres was an essential part of the contract."

70 FOLK v. GRAHAM.

16Opinion of the Court. [82 S. C.

See, also, *Wholen* v. *Koufman,* 19 Johnson, 97. This exception is sustained.

3. "Because his Honor erred in not charging the jury that the recovery of the plaintiff could not exceed the value of the land less than one thousand acres; whereas, his Honor should have charged the jury that the basis of his recovery should be the number of acres and the value of said number between one thousand acres and the number of acres of which he held in undisturbed possession, and such should have been his Honor's construction of said deed and of the warranty and conveyance therein."

We agree with the appellant in this exception. The plaintiff's recovery was limited to the difference between the number of acres that he held and the number warranted by the deed, and also he was entitled only to the purchase price per acre of the land. The Circuit Judge should have charged the jury to this effect, and it was error for him not to do so. This exception is sustained.

4. "Because his Honor erred in admitting the testimony of John F. Folk, as to his construction of the deed of Benjamin Graham to him, against the objection of defendant's counsel; whereas, his Honor should have held that the said deed was free from ambiguity, and the testimony of John F. Folk should not have been admitted by the Court to vary or explain the terms of said deed."

The Circuit Judge should not have received the testimony of the witness, Folk, as to his construction of the deed of Benjamin Graham to John F. Folk; the deed itself was in evidence, and governed both parties thereto. Folk should not have been permitted to assail that deed before the jury; it was in writing and the parties thereto are bound by its terms; at any rate, being a paper submitted to the Court, the construction thereof should be made by the Court and not by one of the parties. "The intention must be ascertained from the whole deed; and if the intention requires a transposition of words, such transposition will be made."

*Evans* v. *Corley,* 8 Rich. L., 320. This exception is sustained.

5. "Because his Honor, Judge R. C. Watts, erred in not sustaining the demurrer of the defendant-appellant to the complaint of the plaintiff-respondent as a whole; whereas, his Honor should have held that the demurrer was well taken, and should have dismissed the complaint upon the grounds set out by the defendant in said demurrer."

Judge Watts was authorized by law to construe the deed; but in so doing he was bound by the law, and, being so bound, it was incumbent upon him to declare that the plaintiff, Folk, was bound by the covenants of the deed from Graham, and those covenants must be construed as an entirety. We think that the demurrer was well taken, and should have been sustained. This exception is sustained.

6. "Because his Honor erred in not charging the jury that John F. Folk's recovery could not exceed the purchase price per acre of the lands of which he was ousted by title paramount; and his Honor should·have held, and charged the jury, that the plaintiff-respondent could only recover the purchase price per acre of the said lands at the time of the alienation of the same to him by the defendant."

What we have already held in the foregoing exceptions sustains this exception. *Evans* v. *Corley, supra.*

It is the judgment of this Court that the judgment of the Circuit Court be reversed and a new trial granted.