### · 10183

#### SANDERS v BOYNTON *ET AL.*

#### (98 S. E. 854.)

1. EVIDENCE—PAROL EVIDENCE—WARRANTY OF TITLE.—In action for breach of warranty of title, testimony by defendants that they intended to convey to plaintiff only such interests as they had in the land described in the deed, which was in fact less than a sixth interest in each defendant, and to warrant title only to such interest, was not rendered admissible, over the objection that it was parol evidence to vary the terms of a written instrument, by plaintiff's pleading that, notwithstanding the terms of the deed made defendants warrantors of the entire estate, the intention was that each conveyed and warranted the title only to a sixth undivided interest.

2. TRIAL—EXCLUDING IRRELEVANT EVIDENCE.—Although plaintiff, by failing to move to strike out irrelevant matter set up as a defense, has no right to have testimony supporting it excluded, the Court may and should exclude it either on plaintiff's objection or its own motion.

3. COVENANTS — WARRANTY OF TITLE — KNOWLEDGE BY GRANTEE OF DEFECTS.—Knowledge by the grantee of a defect in his grantor's title is no defense to an action on the grantor's warranty of title.

Before GARY, J., Barnwell, Spring term, 1917. Reversed.

Action by George D. Sanders against Emma R. Boynton and another. From judgment for defendant, plaintiff appeals.

*Messrs. R. A. Ellis* and *Bates & Simms,* for appellant, cite: *It is the fundamental rule of construction of all written instruments, by the Court, to ascertain the intention of the parties from the instrument:* McMull. 462. *The deed warrants the entire estate—it would have been different had the defendants added to their general warranty words limiting the estate to such interest as they might have:* 19 Johns (N. Y.) 97; Strobhart's Law Reports, 203. *Decree in equity, directing conveyance and delivery of possession is an eviction:* 1 Dev. L. (12 N. C. 413). *Buying in the paramount title does not prevent action as for a breach of warranty:* Enc. Law, vol. VIII, p. 108. *There is no breach of warranty until he has purchased the paramount title:* Enc. Law, vol. VIII 112. *The fact that the paramount title is in a tenant in common does not alter the rule:* Enc. Law, vol. VIII, p. 112. *Where the paramount title is adjudged in a suit, it is not necessary to appeal before the breach of warranty is consummated:* 48 Ill. 271 ; Enc. Law, vol. VIII, 113. *Proportionate part of consideration recoverable:* Cheves 127 ; 1 McC. 466 ; 46 S. C. 356. *Amount recoverable in suit will be amount paid with interest to the persons holding the paramount title:* Enc., vol. VIII, 176. *When the eviction is by judgment of the Court, the record is the proper evidence:* Enc. L., p. 202 ; 1 Speer 67. *Failure of title is failure of consideration:* 1 Bay. 278 ; 1 Bailey 259 ; A. & E. Ann. Cases, vol. XXVII, 846. *An adjudication making a third person a tenant in common with the convenantee amounts to such a disturbance of the possession of the covenantee as to warrant the successful prosecution of a suit for breach of a covenant for quiet enjoyment:* 84 Ind. 285 ; 85 Ind. 42 ; 92 Ind. 310 ; 23 N. J. L. 260. *If a party receives money through mistake, and subsequently discovers the mistake and fails to rectify it, no demand is necessary:* 9 Enc. Law 207 ;

13 Rich. Law 42. *Defendants cannot retain $2,000 paid by the plaintiff, under the belief he was obtaining title to 266 acres of land, a fair market price at that time, when it was subsequently adjudicated that his grantors owned only a paucity:* 4 DeS. 652; 82 S. C. 203.

*Messrs. Holman & Boulware,* for respondents.

April 8, 1919.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This is an action for damages for breach of warranty of title to land conveyed to plaintiff by defendants. The facts are undisputed. James F. Sanders devised the lands conveyed, among others, to his brother, W. J. Sanders, for life; and he devised the remainder, as follows: One-third to plaintiff, who is the son of the life tenant; one-third to E. L. Sanders, a brother of testator; one-sixth to his sister, "Emma R. Boynton, and her children;" and one-sixth to his sister, "Eliza Hickson, and her children." Each of the sisters had a number of children; but each of them believed, as plaintiff did, also, that she was entitled, under the will, to an undivided sixth interest in fee simple in the land so devised; and on January 28, 1909, after the death of the life tenant, E. L. Sanders, and the defendants, Mrs. Boynton and Mrs. Hickson joined in a deed, wherein they conveyed to plaintiff two tracts of the land so devised, with covenant of general warranty. No reference is made in the deed to the fact that plaintiff already owned an undivided third interest in the land conveyed, nor is it specified therein what interest each of the grantors had or intended to convey; but, on its face, the deed purports to be the joint conveyance by the grantors of the entire estate in fee simple with joint covenant of general warranty. The consideration expressed in the deed was $4,000, which, according to the testimony, was $2,000 for the one-third interest of E. L. Sanders, and $1,000 for the one-sixth interest of each of the defendants, and they were

paid accordingly. Under this deed, plaintiff took exclusive possession of the lands so conveyed, returned them for taxation in his own name, paid the taxes, and made valuable improvements thereon.

A few years after the execution of this deed, E. L. Sanders, as executor of the will of James F. Sanders, brought an action against George D. Sanders and others, including these defendants, as heirs and devisees of his testator, for the construction of his will, and for partition and distribution of his estate. In that action, George D. Sanders set up the deed hereinbefore mentioned, and alleged that, at date thereof, he thought that he was buying, and the grantors therein thought that they were selling, all the rights of every person under the will of James F. Sanders to the land therein described; but that he was then advised, and, therefore, alleged, that the children of Mrs. Boynton and Mrs. Hickson had an interest in said lands; and he prayed that their interest be determined, and that it be adjudged that the grantors in said deed have no interest in the property therein described. It was adjudged in that action that Mrs. Boynton and her children were tenants in common of the one-sixth of the estate devised to her and her children, and Mrs. Hickson and her children were tenants in common of the one-sixth devised to her and her children, but that plaintiff was entitled to the interests of Mrs. Boynton and Mrs. Hickson in the lands described in the deed. Under the decree of the Court, the land which had been conveyed to plaintiff in the deed was sold and bought by plaintiff at that sale for $11,765, and it was adjudged that the share of Mrs. Boynton in the proceeds was $81.51, and the share of Mrs. Hickson was $63.40. These shares were paid to the plaintiff herein, their grantee in the deed.

Plaintiff then brought this action on the covenant of warranty contained in said deed, alleging that, notwithstanding the terms of the deed made the grantors (these defendants) warrantors of the entire estate, the intention was that each

conveyed and warranted the title only to a sixth undivided interest in fee simple in the·premises described, and that he paid $1,000 to each of the defendants for such interest, and that the warranty had been breached, etc.

The defendants interposed a general denial, and set up the following defenses : First, that it was their intention to conveyed to plaintiff only such interest as they had in the land, under the will; second, that plaintiff knew as well or better than they did what interest they had, and, therefore, he is estopped to enforce the covenant of warranty; and, third, that the matter is *res adjudicata,* under the judgment in the case of *E. L. Sanders, as Executor, etc., v. George D. Sanders et al.* (hereinbefore mentioned), and plaintiff is estopped by that judgment.

Over plaintiff's objection, the defendants were allowed to testify that their intention was to convey to plaintiff only such interest as they had in the land described in the deed, and, of course, as corollary thereto, that they intended to warrant the title only to the interest which they intended to convey. This testimony was clearly obnoxious to the rule that parol is inadmissible to vary the terms of a written instrument. The learned Judge was mindful of the force of that objection to it, but based his ruling upon the ground that plaintiff had admitted in the allegation of his complaint that the deed did not correctly express the intention of the parties; and, as he had stated therein his version of their intention, it appeared to him that defendants should be allowed to give their version of it. This view overlooked the fact that, in the absence of fraud or mistake of fact, of which there was neither allegation nor proof, plaintiff had the right to enforce the contract according to its terms; and, of·course, he had the right to waive, for the benefit of defendants, such provisions of it, favorable to him, as he saw fit; and defendants had no right to insist that the waiver or concession should be more extensive than that agreed to by plaintiff.

Aside from this, the testimony was susceptible of no other reasonable inference than that plaintiff thought he was buying, and defendants thought they were selling and conveying to him, an undivided sixth interest of each in the land described; and they submit their intention to warrant the title to the interests which they conveyed.

While Mrs. Boynton did testify, on her direct examination, that she sold only her interest and that nothing was said about what it was (whether one-third or one-sixth), on cross-examination she testified that she did not know what her interest was, until it was decided in the case of *Sanders, Executor, etc., v. Sanders et al.*, and, further, as follows: "Q. You had thought all along that your sister, Mrs. Hickson, had the same interest in it that you had? A. They (meaning her brother, Elliott (E. L. Sanders) and plaintiff) said so. Q. That was your understanding? A. That is what they told us. Q. That your interest, along with your sister's, was the same as Elliott's and your brother's? A. Yes, sir. Q. That was the conveyance you made to George? A. No, I sold him my interest in the land."

The testimony of Mrs. Hickson is not set out in the record, but it is therein stated that it was to the same effect as that of Mrs. Boynton. When the testimony of defendants is considered in the light of the undisputed facts and circumstances, to wit, that Elliott and George each had an undivided third, and that the consideration paid to each of the defendants was adequate to an undivided sixth, the inference is irresistible that each of them thought she had and intended to convey an undivided sixth.

The Court also admitted, over plaintiff's objection, evidence which defendants contended would support their plea that plaintiff was estopped to enforce the warranty, because he knew as well or better than they did, what interest they had in the land. The objection was based on the ground that the estoppel alleged was no defense. The Court based its ruling on the ground that, if it were not a good defense,

plaintiff should have moved to strike it from the answer, and, having failed to do so, evidence in support of the plea was admissible.

According to the decisions of this Court, while plaintiff, by reason of his failure to move to strike out the irrelevant matter set up in the answer as a defense, had no right to have the testimony excluded, it was, nevertheless, within the power of the Court, either on plaintiff's objection, or of its own motion, to exclude it. In *Martin v. Railway,* 70 S. C. 8, 48 S. E. 616, the Court said: "The proposition that a Court is obliged to receive evidence which does not tend to establish any fact from which, under the pleadings, a legal conclusion would result, merely because the immediate litigants are not in a position to complain, cannot for a moment be entertained. The Court is vested with power to exclude such evidence in the interest of other litigants and of the public. Those who have a cause on trial are entitled to time and opportunity to present the evidence and argument which bear upon the real issue; but, when either party attempts to go beyond this, it is within the power of the trial Judge, and a duty he owes to others having business in the Court and to the public, either upon the objections of the other party, or of his own motion, to require adherence to the true controversy."

The principle decided in *Martin v. Railway* was reaffirmed in *Bromonia Co. v. Drug Co.,* 78 S. C., 482, 59 S. E. 363, and in *Givens v. Electric Co.,* 91 S. C. 417, 74 S. E. 1067. Where it clearly appears that, under the law, the evidence offered cannot affect the result, the Court should exclude it, since its admission would result only in confusion and useless consumption of time in the administration of justice. That it could not be allowed to avail defendants in this action, without violating well settled principles of law, is clear beyond doubt. It is settled, upon reason and authority, that knowledge by the grantee of a defect in his grantor's title is no defense to an action on the grantor's warranty of

the title.   Such knowledge may be the grantee's chief rea-
son for requiring the warranty, and he may rely more upon
his grantor's warranty than upon his own knowledge of the
title.   The precise point was decided in *Grice v. Scarborough,*
2 Speers, 649, 42 Am. Dec. 391.   There the grantor war-
ranted the title to be free .from all incumbrances.   There
was an outstanding lease by the grantor, known to the
grantee, but not mentioned, or excepted from the warranty.
In the action on the warranty, assigning the existence of the
lease as a breach thereof, the defendant pleaded that plaintiff
had notice of the lease.   'The plea was held bad on demurrer.
The Court said :

"On the question of the insufficiency of the defendant's
plea, I think there can be no doubt.   The contract is in
writing.   Parol evidence cannot be received to explain what
the parties intended, or to add or subtract anything from
it.   It would be to make a new contract, where the grantee
covenants against all incumbrances, to show by parol that
he did not warrant against a particular incumbrance.   And
that, I suppose, is the inference to be drawn from the alleged
notice.   The very object of the covenant may have been to
compel the seller to extinguish the incumbrance, that the
purchaser might have the full possession and enjoyment of
the premises."

To the same effect is *Wallace v. Frazier,* 2 Nott & McC.
516; *Stuckey v. Clyburn,* Cheves 186, 34 Am. Dec. 590, and
numerous others that might be cited.   The principle is thus
stated in 11 Cyc. 1066: "The fact that either or both of the
parties knew at the time of the conveyance that the grantor
had no title in a part or in the whole of the land does not
affect the right to recover for a breach of covenant."

The text is sustained by the citation of cases from many
States and from the Supreme Court of the United States.

The Court properly overruled the defendants' plea of *res
adjudicata.*   There is nothing in the judgment in the case of
*Sanders, as Executor, v. Sanders,* which adjudicates any-

thing as to plaintiff's right to pursue defendants on their covenant of warranty. In fact, it is difficult to see how that issue could have arisen or been adjudicated in that case.

Both parties appealed from the order settling the "case" for appeal; but we find no error in the order.

It follows, from what has been said, that the Circuit Court erred in refusing plaintiff's motion to direct a verdict, and the judgment is accordingly reversed.

Judgment reversed.