14065

MORRIS v. LAIN

(180 S. E., 206)

See, also, 172 S. C., 549, 174 S. E., 590.

*Mr. E. H. Henderson,* for appellant,

*Messrs. Kearse & Kearse,* for respondent,

May 20, 1935.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

We gather from the record in this case the following conceded or undisputed facts, a statement of which is necessary for an understanding of the controversy: On January 8, 1921, one O. B. Lain, now deceased, who was the owner of a body of land in Bamberg County containing 574 acres, gave to Mrs. C. C. Starr, guardian, a mortgage thereon in the sum of $3,613.34. In July, 1922, he sold to one R. F. Goodwin 400 acres of this tract, and in 1924, in consideration of the sum of $3,500.00 paid him by her, conveyed the balance of it, 174 acres, to Mrs. Orrie Creech, under a deed containing a covenant of general warranty. In 1926, Mrs. Creech, for $3,500.00 paid her by T. W. Morris, the plaintiff in the present action, conveyed this 174-acre tract to him in fee simple. At the time the conveyance was made by Lain to Mrs. Creech, a part of the mortgage debt owing Mrs. Starr was unpaid; and on June 15, 1931, as there was still an unpaid balance, Mrs. Starr instituted a suit to foreclose the mortgage. Lain was made a party to this action, and Morris gave him notice to defend the suit and to protect the title which he had warranted in his deed to Mrs. Creech, but it appears that he failed to do so. The amount owing on the

Starr mortgage was found to be $1,738.66, and pursuant to the Court's decree, the master first sold the 400-acre tract, which brought $1,000.00, leaving a balance of $738.66 as an encumbrance on the 174 acres. That tract was bought by a third party at the sale on October 13, 1932, and Morris was evicted therefrom by the purchaser. This action was then begun in March, 1933, against the executrix of the will of O. B. Lain, for damages for breach of the covenant of general warranty contained in the deed to Mrs. Creech; the amount asked for being $3,500.00, with interest from October 3, 1932. The plaintiff interposed a demurrer to defendant's answer, which was sustained by his Honor, Judge Shipp, as to the third, fourth, sixth, and seventh defenses. The case then proceeded to trial on the other defenses, and resulted in a directed verdict for the plaintiff for the amount sued for. This appeal is from the judgment and from the order sustaining the demurrer.

By the first exception, the appellant charges the trial Judge with error in sustaining the demurrer to her third defense; the contention being that the "cause of action is one for the breach of a warranty against present encumbrances, and as such is a personal covenant, not running with the land, and upon which only the covenantee, Mrs. Orrie Creech, could sue; and that the assignee, T. W. Morris, cannot maintain the action."

While this is the law in some jurisdictions (15 C. J., 1220 and 1247), it appears to be otherwise in this State. In 15 C. J., 1238, we find: "Except in South Carolina where covenants of warranty are held to embrace all the usual common-law covenants, in the absence of a statute to the contrary, covenants other than those for quiet enjoyment are not embraced in a covenant of warranty."

In *Jeter v. Glenn,* 9 Rich., 374, the Court, in discussing this question, said: "It is much more consistent with the form of the covenant and with the natural sense of its terms, to say that our general warranty contains a covenant for

quiet enjoyment free from incumbrance, than to say that it contains a covenant of seisin. It is advancing the purpose of the Legislature, promoting the usual intention of parties, and subserving the ends of justice, to say that it contains all the five covenants which English conveyancers usually insert in conveyances in fee simple, to wit: first, that the vendor is seized in fee; second, that he has right to convey (which two are synonymous, except where the conveyance is made under a power distinct from the seisin); third, that the vendee, his heirs and assigns, shall quietly enjoy; fourth, and that free from all incumbrances (which last two may be united in one); and fifth, for further assurances."

And also observed: "But taking our general warranty according to its words, without any reference to the usual covenants for title, and interpreting the word warrant according to its modern sense, we see that a covenant 'to warrant and forever defend all and singular the premises against all persons lawfully to claim the same or any part thereof,' binds the covenantor to defend every portion of the land conveyed, against all suits of which due notice shall be given to him, and in case of the lawful eviction of the vendee or his assigns, to pay the legal damages occasioned thereby."

The Court in *Butler v. Butler,* 67 S. C., 211, 45 S. E., 184, 185, citing *Jeter v. Glenn, supra,* said that: "Among the covenants involved in a general warranty in a conveyance of land is a covenant that the land is free from all incumbrances." It also quoted with approval the following from 16 Ency. of Law (2d Ed.), 158: "An incumbrance is a burden upon land depreciative of its value, such as a lien, easement, or servitude, which, though adverse to the interest of the landowner, does not conflict with his conveyance of the land in fee."

In *Jeter v. Glenn, supra,* the encumbrance was an outstanding contingent dower, while in the present suit it was in the form of a mortgage. The Court in the *Jeter case* indicated that these encumbrances were similar in principle,

and held that the warranty did run with the land and that the suit could be maintained by the plaintiff as assignee. See, also, *Brisbane v. McCrady's Ex'rs,* 1 Nott & McC., 104, 9 Am. Dec., 676; *Lowrance v. Robertson,* 10 S. C., 8; *Sanders v. Boynton,* 112 S. C., 56, 98 S. E., 854, 856.

From the decisions cited, it appears that the appellant's contention is without merit.

The second exception challenges the holding of the Circuit Judge in sustaining the demurrer to appellant's fourth defense. The defendant alleged that the plaintiff's cause of action was based on a "warranty against present encumbrances, and was breached, if at all, at the time of the execution of the deed of O. B. Lain to Mrs. Orrie Creech, on November 21, 1924," and that as the present action was not begun until March 9, 1933, more than six years thereafter, it was barred by the Statute of Limitations.

What was said in our discussion of the first exception disposes of this one. Since the warranty, as we have held, was not a personal one, but passed with the land, there was no breach of the covenant to defend against the encumbrance of the Starr mortgage until the suit of foreclosure was commenced in 1931 and culminated in the sale of the property under the Court's decree. Unquestionably, Morris, in the meantime, had the right to rely on the warranty contained in the deed of Lain to Mrs. Creech; and it was not incumbent upon him, especially as he had given Lain notice in the foreclosure action to defend the title against the encumbrance, to anticipate that the grantor would permit the land to be sold to another. The plaintiff's right of action, therefore, did not commence to run, in the circumstances, until his right to the possession of the property had been destroyed through the foreclosure sale. See *Jeter v. Glenn, supra.*

The appellant's remaining exceptions relate to the sixth defense and have to do solely with the measure of damages. The defendant alleged that in the fore-

closure of the Starr mortgage the proceeds of the sale of the 400-acre tract paid all of the mortgage debt except the sum of $738.66, which remained as an encumbrance on the 174 acres; that Morris was able to pay this indebtedness and save his land, which he did not do; and that the measure of his damages, therefore, is the amount due on the mortgage at the time of the sale, $738.66. This theory, as is seen, is based upon the assumption that it is the duty of the covenantee, and not of the covenantor, to remove the encumbrance. In support of her position, the appellant quotes the following from 15 C. J., 1319: "Where the eviction is by reason of an outstanding encumbrance, as a mortgage, which may be redeemed and removed, the measure of damages is the amount necessary to pay and remove such encumbrance, with interest, if that is less than the value of the estate."

She also cites the following cases which appear in a footnote to the text and in which the rule as above stated is declared: *White v. Whitney,* 3 Metc. (Mass.), 81; *Donahoe v. Emery,* 9 Metc. (Mass.), 63; *Tufts v. Adams,* 8 Pick. (Mass.), 547; *Winslow v. McCall,* 32 Barb. (N. Y.), 241.

It is disclosed, however, from a reading of these decisions, that they are based on entirely different facts from those of the case at bar. The eviction there referred to was the taking possession of the premises by the mortgagee without the mortgage being foreclosed. These cases were decided at a time, nearly 100 years ago, when it was customary, and doubtless permissible under the terms of the mortgage, for the mortgagee to do so; and in such cases the equity of redemption was not barred.

It is true, as pointed out by the appellant, that the covenantee has the legal right to pay the mortgage debt and to recover from the covenantor the amount so paid (*Pee Dee Naval Stores v. Hamer,* 92 S. C., 423, 75 S. E., 695; *Brown v. Thompson,* 81 S. C., 380, 62 S. E., 440), but no case has been cited where it has been held by this Court that there was a duty resting upon the covenantee to do so.

In 61 A. L. R., beginning at page 10, measure of damages for breach of covenants of title is made the subject of an elaborate and interesting annotation. From the many decisions examined and reviewed by the annotator, the following conclusion is stated at page 67 of 61 A. L. R.: "But there is no duty resting upon the covenantee to pay an outstanding encumbrance which constitutes at least a technical breach of the covenant, and if the title of the covenantee is devested by proceedings in invitum based on the encumbrance, then actual damage has resulted, for the covenantee has lost the property by reason of the encumbrance. It is no longer a contingent or speculative injury, but certain and final to the full extent of liability under the covenant."

In *Furman v. Elmore,* 2 Nott & McC., 189, note, decided in 1819, the writer of the opinion, because of the confusion and uncertainty which arose in many cases as to what should be the proper measure of damages, suggested that the Legislature take some action to settle the law in regard to this troublesome question. So, in 1824, the General Assembly passed an Act which was intended to accomplish this, and which now appears in the following language as Section 8865 of the Code of 1932: "In any action or suit for reimbursements or damages upon covenant or otherwise, the true measure of damages shall be the amount of the purchase money at the time of alienation, with legal interest from the time of eviction."

In *Lowrance v. Robertson,* 10 S. C., 8, 32, the Court, construing the terms of this Act, said: "But if the construction contended for by the plaintiffs, which we think is the proper one, be adopted, then we have exactly what the act was designed to furnish—a fixed and invariable standard, applicable alike to all possible cases; for under the civil law rule the measure of the covenantor's liability was of an altogether uncertain character, dependent upon a variety of circumstances over which neither he nor his covenantee in many cases would have any control, or be in any wise re-

sponsible for, and the main object of our Act of 1824 was to make that fixed and certain which was otherwise variable and uncertain, so that a person, when he first put his name to a covenant of warranty, might know precisely the extent of the liability which, under any possible circumstances, he was assuming."

The appellant contends that this section of the Code refers only to instances where there is an eviction under a paramount title, causing the covenantee to lose his entire tract of land without possibility of saving himself harmless. It is true that where the covenantee loses part of the acreage, or part of the estate, such as the remainder after a life estate, the damages must be apportioned notwithstanding the statute (*Smith v. Tapp,* 154 S. C., 25, 151 S. E., ·221; *Folk v. Graham,* 82 S. C., 66, 62 S. E., 1106; *Hunt v. Nolen,* 46 S. C., 356, 24 S. E., 310; *Aiken v. McDonald,* 43 S. C., 29, 20 S. E., 796, 49 Am. St. Rep., 817) ; but the case at bar is not such a one. When Lain conveyed to Mrs. Creech the tract of land in question, the general warranty contained in his deed to her embraced, as we have already indicated, all of the usual common-law covenants, among them that the vendee, his heirs and assigns, shall quietly enjoy, and that free from all encumbrances. Neither the covenantee nor the assignee, as we have seen, was under any duty to pay the outstanding encumbrance, something which the covenantor warranted and agreed to defend and protect the title against. As stated in *Sanders v. Boynton, supra,* "the very object of the covenant may have been to compel the seller to extinguish the incumbrance, that the purchaser might have the full possession and enjoyment of the premises." But Lain, ignoring the obligation imposed upon him by his warranty, breached the covenant, and as a result the title of Morris failed in its entirety and the whole property was lost, the plaintiff thereby suffering actual damages to the full extent of the liability under the covenant. We are of opinion, upon full consideration of the question, that the

measure of damages in such a case is that fixed by the statute as construed in the several decisions of this Court. We, therefore, conclude that Judge Shipp was right in sustaining the demurrer to the sixth defense.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES CARTER and BONHAM and MESSRS. ACTING ASSOCIATE JUSTICES T. S. SEASE and A. L. GASTON concur.