**George Quinton Hull v. The Federal Land Bank of Springfield**

[353 A.2d 577]

No. 81-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed February 9, 1976

*Oreste V. Valsangiacomo, Jr.* of *Richard E. Davis Associates, Inc.,* Barre, for Plaintiff.

*Lynch, Ketcham & Foley,* Middlebury, for Defendant.

Daley, J. On August 29, 1936, the defendant, the Federal Land Bank of Springfield, conveyed by warranty deed to one Emma Hull, in trust for her son, the plaintiff, George Quinton Hull, certain lands. The granting clause of the deed recited that a parcel of land containing fifty acres, more or less, was being conveyed. Unknown to the defendant bank or to Emma Hull, at the time of this conveyance the deed described 18.9 acres which was then owned by a third party. The fact that the defendant bank never owned the 18.9 acres and that a third party had paramount title was stipulated to in open court by the parties.

From 1936 to 1962 the plaintiff and his mother, residents of Long Island, periodically visited the property when vacationing in Vermont, although the court found that there was no evidence that they ever attempted to go into possession of the 18.9 acres or to oust either the present holder of paramount title or his predecessor in title.

On January 16, 1969, Emma Hull conveyed to the plaintiff by quitclaim deed and by identical deed description the land she had acquired from the bank. After he acquired the property, the plaintiff moved from Long Island to Bristol, Vermont. In the fall of 1972, he had the land surveyed, which led to the discovery of the 18.9 acre shortage. The accuracy of this survey is not in dispute.

In October, 1973, the plaintiff brought this action against the defendant bank and the holder of paramount title to the 18.9 acres, seeking a correct determination of the boundary lines. The complaint also sought damages in the event that the boundary lines were as claimed by the holder of para-

mount title. Upon the realization that he had proper claim, a fact which is not disputed, he was dismissed as a party defendant. The action was based upon breach of the covenants of warranty and seisin. The only question before us on appeal is whether the lower court erred in ruling that the statute of limitations barred the plaintiff's claim based upon breach of the covenant of warranty.

The covenant of warranty is virtually synonymous with the covenant of peaceable possession or quiet enjoyment. 7 G. Thompson on Real Property § 3740 (1962). It is an assurance by the covenantor that the covenantee, his heirs, and assigns shall enjoy the estate conveyed without interruption by virtue of a paramount title; that they shall not, by force of a paramount title, be evicted from the land or be deprived of its possession; and that he will defend and protect the covenantee against the lawful claims of all persons thereafter asserted. See 20 Am.Jur.2d *Covenants* § 50. It is a covenant to defend not merely the possession, but the land and the estate in it. See *Williams* v. *Wetherbee*, 1 Aik. 233 (1826). But for a statute of limitations the covenant could exist forever, as it runs with the estate.

Generally, to recover for its breach there must be an eviction under a paramount title existing at the time of the conveyance; or a failure to obtain possession under the deed because of possession in another with paramount title; or a surrender of possession after a hostile assertion of paramount title; or a purchase or extinction of such title by the vendee. See 20 Am.Jur.2d *Covenants* § 54. We have held that where the covenantee finds a third party in possession, with paramount title, there is an eviction, protected against by the covenant of warranty, and no further action need be taken by the covenantee. See *Clark* v. *Estate of Conroe*, 38 Vt. 469 (1866). This holding follows the theory that the failure or inability of the covenantee to obtain possession because of an outstanding paramount title is a constructive eviction. See *Park* v. *Bates*, 12 Vt. 381 (1840); *Pitkin* v. *Leavitt*, 13 Vt. 379 (1841).

As a general proposition, the statute of limitations on an action for breach of the covenant of warranty starts to run from the time the covenantee is evicted or ousted, either

actually or constructively, from the premises conveyed. See Annot., 95 A.L.R.2d 905, 922 (1964). This rule, however, is generally held inapplicable where, as here, neither the grantor nor the grantee was in actual or constructive possession of the premises at the time of the conveyance. In this instance, the rule applied is that the limitations period starts to run from the date of the deed. *Id.* at 935.

■ Thus, there is a distinction which parallels the different treatment given those cases wherein the covenantee takes possession and is ousted, either actually or constructively, and those cases wherein the covenantee takes none, and finds in possession the holder of paramount title. In the first instance, the breach is considered complete at the moment of ouster; in the latter, it is complete at the moment of the conveyance, and there is no requirement of ouster. The rule, starting the limitations period to run from the conveyance, is a corollary to the rule which finds the breach to be complete upon the act of conveyance. It safeguards the right of the covenantee to recover upon the breach for a period of time identical to the general rule, an established period from the date of the breach which, although normally the date of ouster, is in this case the date of the conveyance.

12 V.S.A. § 504 reads as follows:

> an action founded on covenant of warranty in a deed of land shall be brought only within eight years after a final decision against the title of the covenantor in such deed.

Here, the covenantor had neither the possession nor the title to the land purportedly conveyed by his deed. It is undisputed that at the time of the conveyance from the defendant to the plaintiff's mother, in 1936, both title and possession were in a third party. The covenantee, therefore, took neither title nor possession by way of deed. In short, the true status of the lands was clear and as definite at that point in time as it is today. We find it, therefore, unnecessary to require the further acts of any party to start the statute of limitations running, and unjust to extend the statute beyond its intended duration. We hold, therefore, that where the title is undispu-

tedly in a third party who is also in possession a "final decision" within the meaning of 12 V.S.A. § 504 occurred at the time of the conveyance.

It is noted that this decision turns upon lack of title and possession in both the covenantee and covenantor. As other questions are not now before us, we express no opinion as to what the term "final decision" would require in another context.

*Judgment affirmed.*