Vermont Superior Court
Filed 07/25/24
Caledonia Unit

VERMONT SUPERIOR COURT
Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-01324

---

**Commonwealth Land Title Insurance Company v. Mark Potter et al**

---

## ENTRY REGARDING MOTION

Title:      Motion for Summary Judgment RE: Statute of Limitation Defense (Motion: 2)
Filer:      Brice Simon
Filed Date: April 10, 2024

The motion is DENIED.

Defendants Mark and Kasey Ann Potter seek summary judgment on their affirmative defense that the underlying mortgage lien, on which Plaintiffs' case is founded, was final more than eight years prior to the present action, and that 12 V.S.A. § 504 bans any action on this mortgage as untimely. For the reasons explained below, the Court finds that there are significant facts in dispute that make summary judgment inappropriate.

*Undisputed Facts*

In September 2004, Defendants purchased the residential property located at 435 Barr Drive in Ryegate, Vermont. At approximately the same time, Defendants took out a note and mortgage on the property with GMAC Mortgage, LLC. In October 2008, Defendants obtained a discharge in bankruptcy, which discharged their personal liability on the debt but did not discharge the note or mortgage, which ran with the property.

In November 2014, Defendants sold the property to Plaintiffs Jimmy and Sylvia Newberry. At the time, the mortgage was recorded in the land records at the Town of Ryegate. Defendants did not obtain a payout amount or seek a discharge for the mortgage, but they did issue a warranty deed to the Newberry Plaintiffs, which expressly covenants that the Property was conveyed free from every encumbrance excepting only certain encumbrances that did not include the mortgage with GMAC. At the time of the purchase, Plaintiffs obtained a title insurance policy from Commonwealth Land Title Insurance Company.

At some point after their purchase and before 2021, the Newberrys sought to sell the property. At that time, they became aware that the mortgage had not been discharged and that GMAC's alleged successor in interest, Real Time Resolutions, would not discharge the lien without a payment. Commonwealth's title insurance policy was triggers, and Commonwealth negotiated a payment with Real Time Resolutions in the amount of $120,000. It is unclear if this was a discounted amount, the face value of the mortgage, or some negotiated amount reflecting the uncertainty of the lien.

Commonwealth, on behalf of itself and the Newberrys, seeks to recover the $120,000 amount used to discharge the pre-2014 encumbrance and to recover its reasonable attorney's fees against Defendants under the covenant of the warranty deed.

*Statute of Limitation*

The Potters seek to dismiss this action against them by arguing that any action founded on the covenant of warranty that runs with the land has an 8-year statute of limitation under 12 V.S.A. § 504. The Potters note that the covenant was issued in 2014 when the GMAC mortgage was already in place, and the present action was filed in March of 2023—9 years after the covenant issued.

The provisions of Section 504 states that an "action founded on covenant of warranty in a deed of land shall be brough only within eight years after a final decision against the title of the covenantor in such deed." 12 V.S.A. § 504. The Vermont Supreme Court has noted that this language creates two potential deadlines: (1) at the time the deed is recorded and (2) when a final action, like a foreclosure, wrests possession from the covenantee. *Hull v. Federal Land Bank of Springfield*, 134 Vt. 201, 203–05 (1976). As *Hull* instructs, the distinction lies in whether the covenantee takes possession and is later ousted or never takes possession but finds a holder of paramount title already in possession. Id. at 204. In the former, the breach occurs at ouster, and in the second, when the deed is recorded. Id.

The question here is whether the third-party mortgagee was in possession in 2014 when the deed was recorded for purposes of a *Hull* analysis. While there is no Vermont case on point, there are number of cases from other jurisdictions that hold when dealing with a warranty of covenant, it is the time of ouster, and not the time of recording, that controls. See, e.g., *Fox v. Pinson*, 34 S.W. 2d 459, 461 (Ark. 1930) (tying the date of the claim under a covenant of warranty to plaintiff's date of constructive eviction under foreclosure); *Belleville Land & Lumber Co. v Griffith*, 6 SW2d 36, 38 (Ark.

1928) (action did not accrue until eviction from the lands); *Heath v. Whidden*, 24 Me. 383, 384–85 (1844) (allowing cause of action to proceed because a mortgage is "an incumbrance, and, at the same time, an outstanding title. Defeasible upon the performance of certain conditions"); *Post v. Campau*, 3 N.W. 272, 277–78 (Mich. 1879) (adopting the rule that a cause of action for breach of warranty on a mortgage does not commence until the substantial damages is suffered and noting that "it can never be held that a party is guilty of laches in delaying suit until he is damnified"); *Morris v. Lain*, 180 S.E. 206, 208 (S.C. 1935) (breach of warranty because of mortgage did not occur until the foreclosure action was commenced).

The reasoning of these cases dovetails both with present Vermont caselaw and Defendant's own legal position. When a lien is placed on a parcel, it does not occupy or possess the land, and its enforceability is untested and only potential. Its placement on the land and its claim of security is just that, a ministerial act and claim.[1] There is a question of discovery that goes both to the existence of the lien and its import. *Luke v. State*, 2017 WL 7052187, at *5 (Jul 12, 2017) (Hoar, J.) (noting that prior Vermont caselaw on the covenant of seisin did not incorporate the discovery rule and holding that this rule must be read into all statute of limitation cases).

Defendant's primary argument against Plaintiff's motion for summary judgment is that the lien was likely unenforceable and could have been discharged without payment or with a lower payment. Such uncertainty would make the mortgage's enforcement and damages uncertain in 2014 at the time that the warranty deed was recorded. In fact, Defendants claim that they did not discharge the mortgage because they understood it to be a nullity after their bankruptcy.

Given that the mortgage appears to have sat in the land records from 2008 until the Newberrys inquired about it sometime prior to 2021, it does not appear to have been any type of active possession, and there is no record of GMAC or its successor blocking the Newberry's active possession of the property that they exercised from 2014 until their efforts to sell the property.

Based on the foregoing, the Court concludes that the triggering event for the statute of limitations to run on a covenant of warranty claim related to a mortgage arises when the mortgagee

---

[1] As the parties are aware, the mere fact that a document claiming to be a lien is filed in the land records does not mean that it represents an enforceable or even foreclosable interest. See *Wharton v. Tri-State Drilling & Boring*, 2003 VT 19, ¶¶11–16 (finding a mechanic's lien to be an unenforceable slander of title recorded in the land records).

takes some affirmative step to either foreclose the covenantee's occupancy of the property or some similar action or notice that gives the covenantee notice that the mortgage has moved into a default and is being exercised to assert possession and dominion over the land to the exclusion of the covenantee that would trigger the covenant of warranty in the deed.[2] In this case, that took place less than 8 years before the commencement of the present action, which renders the present action time under Section 504.

## ORDER

Defendants Potter's motion for summary judgment is **Denied**. The present action was commenced within 8 years of the triggering of the mortgage interest as an actual and present encumbrance against Plaintiff's ownership and occupancy, and the present action may proceed under 12 V.S.A. § 504.

Electronically signed on 7/24/2024 5:40 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge

---

[2] This is not to rule out other fact-specific situations where a covenantee becomes aware of an encumbrance, contacts the covenantor, who refuses to act, and covenantee sits on his or her rights for 8 years. In such case, though, the doctrine of laches would come into play to prevent an unfairness where notice and effort to enforce were sought, but then abandoned.