## 10548

SMYTH v. BRUNSON *ET AL*.

(105 S. E. 893.)

1. Appeal and Error—Finding Sustained by Evidence Conclusive.— The trial Court's finding in a law case, where sustained by sufficient evidence, is conclusive.

2. Vendor and Purchaser—Purchaser May Not Recover for Short-age in Grant Where Sale Was in Gross of a Certain Lot.—Where a lot was not sold by front foot or square foot, but the sale was in gross of the lot for a certain sum, the purchaser cannot recover of the vendor for the difference between the lot as described in the deed and the lesser amount shown by survey.

Before Mauldin, J., Greenville, Summer term, 1919. Affirmed.

Action by Ellison A. Smyth against Geo. W. Brunson,

Jr., B. H. Peace and Thomas Harrison, for deficiency in frontage of a city lot. From decree for defendants the plaintiff appeals.

The decree of the Circuit Judge was as follows:

This case came before me for trial upon exceptions by the defendants to the report of the master, to whom all issues of law and fact were referred.

The plaintiff is a purchaser of a part of what is known as the Heldman lot, conveyed to Heldman by McBee in 1850, and described in that deed as having a frontage of 140 feet on Main street, in the city of Greenville, at the southeast corner of Main and Broad streets. The entire lot was sold as the property of the estate of Heldman by the master and purchased by B. M. McGee, who afterwards sold 81 feet frontage to Alvin H. Dean, the same being on the corner of said streets. Dean sold same to one Harrison and he sold 30 feet frontage to Gower and Houston and 51 feet frontage to B. H. Peace. The plaintiff claims the 51 feet lot through B. H. Peace. The 30 foot lot sold to Gower and Houston was at the corner of Main and Broad streets and upon it they erected a brick building. Afterwards, the plaintiff having acquired the lot adjoining it, the 51 foot lot fronting on Main street, began to build upon it and discovered that between the Gower and Houston building and the lot next below the 51 foot lot, instead of a frontage of 51 feet there was a frontage of only 49 feet 7 inches, a deficiency in frontage of 1 foot 5 inches. The plaintiff then brought this action against his grantors for damages for breach of warranty by reason of the deficiency in frontage; they vouched Harrison and he Alvin H. Dean.

In the first place, it is pertinent to state that the conveyance to the plaintiff was not at so much per front foot or at

so much per square foot; it was a sale of a certain lot for so much money, a sale in gross; and the rule in such case is that where land is sold in gross no compensation will be granted for a deficiency in the quantity conveyed, unless such defi-ficiency is so great as to justify an inference of fraud or mis-take equivalent to fraud. . This can scarcely be said of a deficiency of 17 inches in a frontage of 612 inches, less than 3 per cent. Upon this ground I hold that the plaintiff is not entitled to recover.

But, assuming for the sake of argument, that he is so enti-tled, it is evident that his recovery is dependent upon estab-lishing, by the greater weight of evidence, that the walls of the Gower and Houston building occupying the entire space conveyed to them, are correctly located. Naturally if the Gower and Houston building is over the line and upon the 51 foot lot claimed by the. plaintiff, his first thought would be to sue them for the possession of the 1 foot 5 inch strip. He has not done so, and pitches his action upon the theory that the Gower and Houston building is properly located, and their title antedating his there has been a breach of warranty in his title. He must go further and show that the lots below him are properly located and are not imping-ing upon his 51 foot lot. The defendant contends that the Gower and Houston wall on Broad street is at least 1 foot 5 inches further down than it should have been, and that this error on their part has caused the encroachment upon the plaintiff's lot. The defendant has presented a formidable array of facts which convince me that their contention is correct, and I so find; at least they completely meet the plain-tiff's effort, as was incumbent upon him, to show by the pre-ponderance of the evidence that the Gower and Houston corner was properly located. Many years ago, shortly after Heldman went into possession of the entire lot, 140 feet

front, he built a brick house at the Broad street corner.
The front door was in the corner of the building, and steps
were built extending into Broad street about 18 inches.
The Broad street wall of the house was about 18 inches back
of a line drawn from the corner of the lower step parallel
with Broad street. At the lower corner of the house, that is
the corner on Broad street, a fence enclosing his garden was
built. It began about 18 inches from this corner, and the
space between the fence corner post and the house, really a
part of the fence, was enclosed with two planks about 8 or
10 inches wide. The line of this fence as it extended down
Broad street was in line with the corner of the steps referred
to. Between the steps and the corner of the fence there were
two cellar doors, opening upon Broad street and in the space
between the Broad street wall of the house and a line
extended from the center of the steps to the corner of the
fence. At the lower corner of the lot, front on Broad
street, there was erected by Heldman a stable, the front of
which was flush with the fence. Heldman then occupied
this space for nearly 50 years. After Alvin H. Dean sold
off the front part of the lot to Harrison, he removed the sta-
ble and fence and built a brick store house. He purposely
set back the front of this building 18 inches. This, in my
opinion, is the explanation of the mislocation of the Gower
and Houston building. When they bought, the old Held-
man house was standing. They decided to tear it down
and erect a new building. The front of the Dean building
was on a line with the wall of the old Heldman house, and in
building their Broad street wall, Gower and Houston placed
it where the old wall stood.. The defendants are not respon-
sible for this, and if the plaintiff has any remedy at all, it
is against Gower and Houston and not the defendants.

The findings of fact by the master, inconsistent with the

foregoing conclusions, are reversed, the exceptions are sustained and the complaint is dismissed.

*Mr. Wm. G. Sirrine,* for appellant, cites: *Deficiency was sufficient to warrant recovery:* 31 S. C. L. 129 (2 Rich. L.) ; 23 S. C. 209; 58 S. C. 477; 17 S. C. L. 128 (1 Bail. L. ). *Adverse possession of part of street not tenable:* 37 S. C. 327; 57 S. C. 507; 67 S. C. 515.

*Messrs. Cothran, Dean & Cothran,* for respondent, Thomas Harrison, cite : *This is law case and if supported by any evidence must be affirmed:* 107 S. C. 461 ; 87 S. C. 359; 77 S. C. 414; 83 S. C. 213; 100 S. C. 451. *City cannot now complain of encroachment on street:* 37 S. C. 334. *Sale was in gross and deficiency of less than 3 per cent. affords no ground for recovery:* 4 McC. 434; Rice Ch. 55; 9 Paige 168; 2 Speer 18; 6 Rich. 37. *Purchaser must have purchased by the front foot or by the area:* 112 S. C. 349.

December 20, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action brought against defendants, Brunson and Peace, November 17, 1913, to recover $445.46. These defendants served notice on Thomas Harrison to come in and defend the title. Within due time he answered denying the allegations of the complaint. An order of reference was agreed upon and the case was heard by the master, who rendered his report June 12, 1917, finding the allegations of the complaint to be true and giving judgment for the plaintiff. To this report the defendant, Thomas Harrison, excepted, and the case was heard by Hon. T. J. Mauldin, Circuit Judge, who filed a decree on July 21, 1919, sustaining the exceptions to the master's report and dismissing the complaint.

The exceptions, six in number, impute error of fact and of law on the part of his Honor. This being a law case, his Honor's finding of fact must be sustained, as there is plenty of evidence to support his finding.

The evidence shows that the lot was not sold by front foot or square foot. It was sold in gross for a certain sum.

This case is controlled by *Jones v. Bauskett,* 2 Speer, star page 68, cited with approval in *Shuler v. Williams,* 112 S. C. 349, 99 S. E. 819, and by *Shuler v. Williams.*

All exceptions are overruled, and judgment affirmed.

The CHIEF JUSTICE and MR. JUSTICE GAGE absent on account of sickness.