### FURST & THOMAS v. WHITMIRE *ET AL.*

#### (133 S. E., 222)

1. EVIDENCE—EVIDENCE GIVEN BY ALLEGED GUARANTORS IN SUIT FOR BALANCE DUE ON CONTRACT THAT AT TIME THEY SIGNED CONTRACT THERE WAS NO GUARANTY, HELD COMPETENT, IN VIEW OF ANSWER ALLEGING THAT DEFENDANTS DID NOT SIGN GUARANTY.—In suit for balance due on contract alleged to have been executed by one of defendants as principal and others as guarantors, testimony by guarantors that at time they signed contract there was no guaranty thereon *held* competent, in view of answer alleging they did not sign any guaranty, being a direct attack on genuineness of instrument which was basis of suit.

2. TRIAL—FAILURE OF TRIAL COURT TO HOLD ALLEGED GUARANTORS LIABLE AS PRINCIPALS ON CONTRACT, AFTER FINDING THERE WAS NO WRITING ABOVE NAMES WHEN SIGNING CONTRACT, HELD NOT ERROR, WHERE PLEADINGS AND TESTIMONY CREATED LIABILITY AS GUARANTORS OR NOT AT ALL.—Under pleadings and testimony showing that defendants were liable on contract as guarantors or not liable at all, *held* that failure of trial Court in not holding defendants liable for balance on contract as principals, after finding that at time they signed contract there was no writing above signatures, was not error.

3. REFERENCE—CIRCUIT JUDGE HAS RIGHT TO REVIEW REFEREE'S FINDINGS OF FACT AND CONCLUSIONS OF LAW AFTER PARTIES CONSENT TO ORDER OF REFERENCE IN LAW CASE, WITH RIGHT TO AFFIRM, MODIFY, OR REVERSE FINDINGS.—When parties consent to an order of reference in law case agreeing that all issues shall be heard and determined by Refree, Circuit Judge has power to review Referee's findings of fact and conclusions of law, with right to affirm, modify, or reverse such findings.

4. APPEAL AND ERROR.—Trial Court's findings on exceptions to Referee's report, sustained by sufficient evidence, are conclusive, and not reviewable on appeal.

Before MAULDIN, J., Pickens, December, 1924. Affirmed.

Action by Furst & Thomas against D. H. Whitmire, J. P. Smith, and P. C. Robertson. On exceptions to the Referee's report, the Circuit Court sustained the findings for plaintiffs against the defendant first named, and reversed the findings for plaintiffs against last two named defendants, and plaintiffs appeal.

The decree of Judge Mauldin, directed to be reported, is as follows:

"The above stated cause was referred to O. S. Stewart, as Special Referee, by an order of this Court dated May 17, 1922, to 'take the testimony and report the same to the Court with all convenient speed, together with his conclusions of fact thereon'; a reference was duly held, and, on March 20, 1924, the Referee filed his report wherein, amongst other things, he found and held that the defendant, D. H. Whitmire, is due the plaintiff a balance of $725.

"The Referee also held that 'the contract of plaintiffs with D. H. Whitmire was signed by him and J. P. Smith and P. C. Robertson in its present form, and thereby guaranteed the payment of the orders of D. H. Whitmire as the same is on regular printed form, and shows no erasures or alteration, the same being Exhibit A.'

"From this report of the Special Referee, the defendants make exceptions, and these exceptions place before me the question: Did the 'contract' in evidence and around which this controversy revolves contain, at the time of its alleged execution, that section now appearing in the Exhibit A and running from the signature of D. H. Whitmire down to the signatures of J. P. Smith and P. C. Robertson?

"The plea of fraud and the evidence in the cause make this question, and upon, all the pleadings, this question is the one prime consideration here.

"The Referee found that J. P. Smith and P. C. Robertson signed the paper 'in its present form,' and the cause is heard

by me at chambers upon notice duly given, and at which all parties were represented by counsel and exhaustive arguments heard.

"An analysis of the paper, Exhibit A, will, I think, justify the conclusion that the latter portion of the alleged contract, Exhibit A, purports to represent an independent and separate obligation on the part of Smith and Robertson which, if genuine, would bind them to the extent of any liability incurred by D. H. Whitmire pursuant to the provisions of the other and earlier portion of the same contract.

"If that portion of the contract was justly, honestly, and without fraud printed on the paper at the time of its alleged execution—if that portion of the paper in evidence as Exhibit A was actually printed there when Smith and Robertson signed the paper, as they testified they signed the contract—then they are bound, for there can be no question but that they by the act of signing assented to the terms thereof, and if they signed the paper 'in its present form, they waived acceptance of the guaranty and all notice.' There is abundant authority for this conclusion, I think.

"But if the plea of fraud interposed by the defendants, in so far as it affects any liability on the part of Smith and Robertson, is sustained, then all question of guaranty goes out of the case and with it, of course, any question as to waiver of acceptance and notice as to them vanishes.

"It will be observed that the plea of fraud on the part of the defendants Smith and Robertson comes into the cause by way of an amended answer on their behalf, which plea is verified on September 7, 1920, and served on plaintiffs' attorneys, the order of reference being dated May 17, 1922, and the reference thereafter held, the report of the Special Referee bearing date March 20, 1924.

"Therefore, the very difficult and delicate question hereinabove set forth is crystallized and presented to me for determination, and I am frank to say that it has given me much concern and been the occasion for more than ordi-

nary consideration, because the evidence consists solely of depositions taken on behalf of the plaintiffs and the testimony of all the defendants before the Special Referee, all of which, aside from the positive statements of all of the defendants, as witnesses, is quite meagre when considered with references to the important issue of fraud before me for solution.

"The depositions, as evidence, are practically silent as to the issue. Fred G. Thomas, one of the plaintiffs and a witness, deposes, in answer to the following question: 'Q. Examine Exhibit A and state whether or not this contract when received by the firm of Furst & Thomas bore the signatures of D. H. Whitmire and at the bottom of the contract J. P. Smith and P. C. Robertson, as they now appear on same? A. These signatures were on the contract when it was received.'

"He further testifies that he made an investigation of the responsibility of the parties who signed the contract, and, 'this being satisfactory to us, I made acceptance of the contract, that is, Exhibit A, on December 2, 1916, and gave D. H. Whitmire notice to that effect.' This is practically all of the testimony from the plaintiffs bearing specifically on the present issue.

"At the reference, D. H. Whitmire, when recalled, testified: 'I carried the contract to Mr. Robertson and Mr. Smith to sign. I am pretty sure Mr. Smith signed first; they were not together at the time they signed the contract; there was nothing printed in the space where Furst & Thomas and I signed; down to where they signed was all blank.'

"Cross-examination: 'To-day is the first time I have seen the contract in question since 1916, when it was signed up. I won't say that I did not buy goods from Furst & Thomas after March, 1919. The credits given me on their statement after January 29, 1919, are correct.'

"The defendant, J. P. Smith, testified: 'I signed the contract, but the printing from where D. H. Whitmire and

Furst & Thomas was blank at the time; there was no printing below Whitmire's name at the time I signed said contract. I signed the contract 1916, and have seen it once since the time I signed it.'

"The defendant, P. C. Robertson, testified: 'That when I signed the contract, the same was blank from where Furst & Thomas and D. H. Whitmire's names appear down to where J. P. Smith and I signed. To-day is the first time I have seen the contract since I signed it.'

"There is nothing in the evidence before me in the nature of reply to this testimony by and on behalf of the defendants.

"The plaintiff contends and argues that the testimony by way of depositions and the attending facts and circumstances preclude the possibility of any insertion of the printed portion in the paper which purports to be a guaranty by Smith and Robertson after the paper had been signed by Whitmire; that the probabilities of such are too remote to have any weight or consideration. The defendants all contend that this portion, or the guaranty, was not printed on the paper when the signatures of Smith and Roberston were attached, and by their plea of fraud charge, in effect, that this portion was inserted after they attached their signatures. There is no denial that the signatures of Smith and Robertson are the genuine signatures of those individuals.

"I am face to face with the finding of the Special Referee herein, for whose judgment I have the highest respect, and in whose integrity I have the utmost confidence, and must rest my conclusions upon the testimony, with an independence of judgment in the light of such rules and practices as may appeal to me as proper guides in the formulation of an opinion justified by practice and followed as the basis of a safe conduct in reaching a conclusion that our system of jurisprudence seems to justify.

"My knowledge of the reputation and character of both Smith and Robertson preclude the thought that either of

them would deliberately swear to a fact not substantiated in their own minds as truth, not for any consideration, nor do I believe that either of them would insist that this paper had been changed since their signatures were affixed unless they were certain that, as they swear, the disputed portion of the paper was·not on the paper when their signatures were attached.

"In Moore on Facts, Vol. 1, Par. 566, we find: 'But it behooves a party to produce all the available evidence which the exigencies of the case demand, in view of the degree of proof required, or the weakness of the evidence he has already produced.' And further, in the same paragraph: 'If an interested party tells an improbable story, the absence of corroborating testimony of witnesses who, it appears, were cognizant of the facts will weigh heavily against him.' And in paragraph 579 of the same work: 'Weak evidence becomes strong by the neglect of the party against whom it is put in, in not showing by means within the easy control of that party the conclusion drawn from that evidence is untrue.' And: 'Even if a party's testimony is improbable, the failure of the opposite party to contradict it, although it was entirely within his power to do so if it were false, entitles it to belief.' And in a note on page 575 of the same book: 'A person who rests his case on the argument that certain circumstances which he adduces afford a presumption of the existence of a disputed fact is not entitled to any attention whatever, where he is in a condition to give direct and positive evidence of the fact if it exists.' And in Section 598 of the same book: 'The advantages of positive evidence is that it is the direct testimony of a witness to the fact to be proved, who, if he speaks the truth, saw it done, and the only question is whether he is entitled to belief.'

"In a note under Section 598 of the same work, quoting ·from Wills on Circumstantial Evidence, as quoted in Wigmore, it is 'credited to the late Senator Cushman K. Davis: 'While circumstances cannot lie, they can be feigned, in-

vented, distorted, half stated, misapplied, mistaken or lied about with most infernal skill.' And in Section 599 of the same work: 'A theory cannot be said to be established by circumstantial evidence, even in a civil action, unless the facts relied upon are of such a nature, and are so related to each other, that it is the only conclusion that can fairly or reasonably be drawn from them. It is not sufficient that they be consistent, merely with that theory, for that may be true, and yet they may have no tendency to prove the theory.'

"The matter is reduced to the status where the application of the rule of preponderance of credible evidence must be made.

"The charge of fraud here cannot be established through sheer weakness of the plaintiffs' evidence, but rather through the strength of that of the defendants who assert it here, and yet I cannot resist a conclusion on the probabilities of a case where evidence has been taken and that evidence is before me for the purpose of enabling me to decide the question at issue. I cannot say that a plea of fraud should be discarded because the probabilities are remote. There is positive evidence from reputable witnesses. The plaintiffs should have met the issue with more than the mere statement that 'these signatures were on the contract when it was received, and the lack of evidence on that issue leaves the Court with a problem that must be solved, not through speculation. but by the application of the rule that the greater weight of the testimony obtains here in behalf of the defendants, and this conclusion is reached with due regard to the obligation resting on the Court in that decisions must be predicated either on the law or upon the evidence, as the case may be, mindful that it becomes no one, armed with authority, to allow his efforts to do justice to be controlled one whit by any influence that might work an abuse of discretion. The statement of the witness, F. G. Thomas, plaintiff, here quoted, goes no further than to set forth that which all the defendants

admit and swear: The issue had been squarely made, and no testimony in behalf of the plaintiffs controverts the vital contention of the defendants, save only that a writing is in evidence.

"The defendant, Whitmire, by his own admission in writing in evidence in this case, admits the correctness of the facts as found against him by the Referee, and as to him the report of the Special Referee is confirmed.

"As to the defendants, Smith and Robertson, the report of the Special Referee is reversed, his conclusions as to them, in my judgment, under the facts and the law applied, being erroneous."

*Mr. T. Allen,* for appellants, cites: *Allegations admitted are deemed proved:* 37 S. C., 427. *Testimony not responsive to pleadings irrelevant:* 69 S. C., 363. *Presumption that Judge did not consider incompetent or irrelevant testimony:* 96 S. C., 52.

*Mr. C. E. Robinson,* for respondents, cites: *Force of presumptions:* 103 S. C., 391; 84 S. C., 278; 2 Bay, 133; 2 Strob., 536. *Burden on plaintiff where fraud is charged:* 113 S. E., 467; 103 S. C., 391; 68 S. E., 392; 10 Rich., 227; 4 Rich., 329. *Court will not review findings of fact:* 27 S. E., 924; 23 S. C., 25; 23 S. C., 1; 2 S. E., 118.

May 12, 1926.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

Plaintiffs brought suit in the Court of Common Pleas of Pickens County on August 13, 1920, against the defendants, alleging in their complaint that the defendant, Whitmire, was due the plaintiffs a balance of $788.99 on account, as per written contract made by that defendant with the plaintiffs on December 2, 1916, and they exhibited with their complaint an itemized, verified statement of the account sued upon. Plaintiffs further alleged that defendants, Smith

and Robertson, for valuable consideration, guaranteed, in writing, the payment of the account of the defendant, Whitmire, to plaintiffs.

The defendant, Whitmire, in his answer, admitted that he had purchased goods from the plaintiffs, but denied that he owed the amount demanded in the complaint, or any other amount; he further alleged that the plaintiffs were due him money, and asked for judgment in his favor for such amount as should be found was owing to him by plaintiffs. To the counterclaim the plaintiffs replied with a general denial.

The defendants, Smith and Robertson, by answer, denied the allegations of the complaint, except as to such matters as were admitted. They admitted that they had signed a paper for their codefendant to plaintiff, but alleged that it was simply a "recommendation" as to the "honesty and good character" of Whitmire, and they specifically denied that they in any way guaranteed the payment of any debt or obligation of his to the plaintiffs, and said that if plaintiffs had "such paper" it was fraudulent. They further set up in their answer:

"If there is any paper in the possession of plaintiffs which can be construed into a guaranty for said defendant (Whitmire), signed by these defendants, then such words were inserted after the same was signed by them."

The action is one at law, but the parties waived the right of trial by jury and agreed that the case should be referred to O. S. Stewart, Esq., who was directed to take the testimony and report the same with his conclusions as to the facts.

A reference was held, at which testimony for the plaintiffs, taken by deposition, was offered. The defendants testified in person, and did not offer any other witness.

The Referee filed the testimony taken by him, and in his report found the following facts: (1) That after allowing certain credits in favor of the defendant, Whitmire, that Whitmire was still due the plaintiffs a balance of $725.

(2) That the defendants, Smith and Robertson, signed the contracts in the form presented to the Referee by plaintiffs, and thereby guaranteed the payment of orders of the defendant, Whitmire, to the plaintiffs.

. All the defendants filed exceptions to the Referee's report. The defendant, Whitmire, based his exceptions on the ground that the Referee had not allowed him all the credits to which he was entitled, and that the Referee should not have found that he was due any sum to plaintiffs.

The defendants, Smith and Robertson, excepted on the ground that the Referee erred in finding that the contract held by plaintiffs was signed by the defendants, J. P. Smith and P. C. Robertson, in its "present form," when he should have found that nothing was printed after the signature of D. H. Whitmire at the time the said defendants signed the same, and that they did not, in any way, become guarantors of the said Whitmire.

Upon the hearing of the report of the Referee and the exceptions thereto, his Honor, T. J. Mauldin, presiding Judge, sustained the findings as to the defendant, Whitmire, but reversed them as to the defendants, Smith and Robertson. Let the decree of Judge Mauldin be reported.

Defendant Whitmire has not appealed. From the findings of the Circuit Judge in favor of the defendants, Smith and Robertson, the alleged guarantors, the plaintiffs have appealed.

. There are two exceptions: The first charges error on the part of the Circuit Judge in setting aside the findings of the Referee on the ground, "that here was no competent testimony to rebut the presumption that the paper was regular and without fraud and no competent testimony to rebut the direct testimony of the plaintiffs to the effect that the instrment sued on was the one signed by these respondents." The second exception alleges that there was error on the part of the Circuit Judge "in not holding that the respondents were liable for the balance due on said contract

even though it should be proven by them that the last paragraph of the contract was not in it when executed by them, the error being that if this were true they would be liable as principals according to the tenor of the original instrument."

As to the first exception: Both the defendants, Smith and Robertson, testified to the effect that there was "no printing below Whitmire's name at the time I signed contract." Plaintiffs alleged in their complaint that these defendants had signed the contract, and they introduced it in evidence. The defendants stated, under oath, that the paper presented to the Court was not in the same form that it was when they attached their signatures. In their answer, Smith and Robertson alleged that they did not sign any guaranty. The evidence referred to was competent on the issues involved and was a direct attack upon the genuineness of the instrument which was the basis of the suit against these two defendants. This exception is overruled.

As to the second exception: The plaintiffs did not sue Smith and Robertson as principals, but as guarantors. It does not appear that before the Referee, or before the Circuit Judge, plaintiffs took the position that these two defendants were liable as principals. Under the pleadings and testimony they were liable as guarantors, or they were not liable at all. We cannot sustain this exception.

The plaintiffs earnestly insist that there was no testimony whatever in behalf of the defendants, Smith and Robertson, on which to sustain the Circuit Judge's finding in favor of these defendants, and that his findings of fact should be reviewed and reversed.

The case being one at law, the plaintiffs had the right to insist upon a jury trial. But they waived that right by agreeing to submit all questions of law and fact to a Referee and to the Circuit Judge. The Referee

found in their favor, but on exceptions the Circuit Judge found against them. When parties consent to an order of reference in a law case and agree that all the issues are to be heard and determined by a Referee, a Circuit Judge has the power to review the Referee's findings of fact and his conclusions of law, and upon such review the Circuit Judge has the right to affirm, modify, or reverse such findings. *Meetze v. Charlotte, etc.,* 23 S. C., 1. *Gregory v. Cohen,* 50 S. C., 502; 27 S. E., 920.

The facts as found by the Circuit Judge are sustained by sufficient evidence; we have pointed to some of it already; therefore, those findings are conclusive and are not reviewable here. *Smyth v. Brunson et al.,* 115 S. C., 385; 108 S. E., 99.

All the exceptions are overruled.

The judgment of the Circuit Court is affirmed.

Mr. Chief Justice Gary and Messrs. Justices Watts and Stabler concur.

Mr. Justice Cothran dissents.

Mr. Justice Cothran: Action against the defendant, Whitmire, as principal, and the other two defendants, J. P. Smith and P. C. Robertson, as guarantors, for a balance of $788.99, claimed to be due by the defendant, Whitmire, upon a certain contract of employment as a salesman for the plaintiffs, which contract the plaintiffs claimed was guaranteed by the other two defendants.

The defendant, Whitmire, does not appear to contest his liability. The alleged guarantors answered, practically admitting the siging of the paper, but allege that they signed it simply as a recommendation of the honesty and good character of Whitmire, and that, if the plaintiffs hold a paper purporting to be a guaranty on their part, the words of guaranty were inserted into the paper after they had signed it.

The case was referred to the very capable and efficient Clerk of the Court, O. S. Stewart, Esq., who took the testi-

mony offered and filed a report in favor of the plaintiff.
The case was then heard by his Honor, Judge Mauldin, who
filed a decree reversing the Special Referee as to the alleged
guarantors, holding that the prepondenence of the evidence
sustained their contention that the words of guaranty were
inserted after their signature had been attached.

The plaintiffs offered in evidence without objection the
original contract. It is upon a printed form and contains
two parts. In the first part is the contract between the plain-
tiffs and the defendant, Whitmire, in which his employment
is effected and certain duties in the collection and remittance
of money are detailed. It is dated November 1, 1916, signed
by Whitmire and accepted by the plaintiffs on December 2,
1916. Immediately after the signatures of the plaintiffs
and Whitmire, within three-sixteenths of an inch from the
line upon which they appear, begins the first line of the guar-
anty. It contains eight lines, printed in exactly the same
type as the first part of the contract, and is followed imme-
diately by the names, occupations, and postoffice addresses
of the alleged guarantors. There is not the slightest sign of
an erasure or insertion of any matter upon the paper. Al-
though the defendants in their answer allege that they only
signed a recommendation of the honesty and character of
Whitmire, they testify to nothing of this character, but boldly
swear that when they signed the paper it was entirely blank
between the signature of Whitmire and their own.

I fully recognize the rule so clearly stated by Chief Jus-
tice McIver in the case of *Gregory v. Cohen,* 50 S. C., 502;
27 S. E., 920, that, while a Circuit Judge has the right to
affirm, modify, or reverse the findings of the Master or
Referee in a law case, this Court can only review the findings
of the Circuit Judge in such a case when his conclusions
are based upon an error of law. Of course, if there be no
evidence at all in the case to sustain his conclusions, that be-
comes a question of law reviewable by this Court.

The evidence for the plaintiffs tended to show that they

first sent to Whitmire a blank form of the contract about December 1, 1916; that in due course they received it back from Whitmire duly executed as it appears today; that they then made inquiry as to the financial standing of the guarantors, which would have been entirely unnecessary if their signatures had been simply recommendations, and accepted the contract on December 2, 1916.

In view of the allegation in the answer that the defendants only signed a recommendation of Whitmire, they are concluded by that allegation. It is entirely inconsistent with their testimony that the space was entirely blank, and renders the last statement practically nugatory.

More than half of the learned Judge's decree is based upon the proposition that the weight of the evidence was in favor of the defendants for the reason that the plaintiffs should have rebutted the testimony of the defendants with evidence that the paper had not been added to, and concludes with this statement:

"The statement of F. G. Thomas, plaintiff here quoted, goes no further than to set forth that which all the defendants admit and swear. The issue had been squarely made, and no testimony in behalf of the plaintiffs controverts the vital contention of the defendants save only that a writing is in evidence."

I think that the testimony of Thomas went a good deal further than the defendants were willing to "admit and swear," and that it materially "controverted the vital contention of the defendants." He testified:

"D. H. Whitmire made application to us for a contract to sell goods which we distribute at wholesale. In response to his application we sent him a contract, which was in blank or unsigned at the time. It was returned to us on November 22, 1916.

"Q. Can you produce this contract (that is, the identical paper forwarded in blank and returned filled out)? A. Yes, I have it here.

"Q. Please make the contract you have produced Exhibit A over your signature for the purpose of identification. A. I have done so. (The original contract, offered in evidence shows upon its face, in the upper left corner 'Exhibit A,' and under the signature of 'F. G. Thomas.')

"Q. Examine Exhibit A and state whether or not this contract, when received by the firm of Furst & Thomas, bore the signature of D. H. Whitmire, and at the bottom J. P. Smith and P. C. Robertson, as they now appear on same? A. Those signatures were on the contract when it was received.

"Q. How did you receive it? A. It came to us in the U. S. Mail.

"Q. After receiving it will you state what you did with reference to Exhibit A? A. We made an investigation as to the responsibility of the parties who signed the contract, and, that being satisfactory to us, I made acceptance of the contract, that is, Exhibit A, on December 2, 1916, and gave D. H. Whitmire notice to that effect. * * *

"Q. Will you please attach Exhibit A, which you have identified as the contract between your firm and D. H. Whitmire and the other parties who signed the same, to your deposition and make it a part of the same and as evidence given by you? A. I have done so."

I do not see how anything could be plainer than that the witness identified the contract as it stands today as the contract returned by Whitmire with the signatures of the defendants to the guaranty, which goes much further than the flat denials of the defendants.

The learned Judge has manifestly misconstrued the testimony, and equally manifestly his conclusion is based upon this misconstruction, an error of law.

This misconstruction has also led him into the error of holding that, as there was no evidence controverting the statements of the defendants, the plaintiffs should have offered evidence in rebuttal. As I think the testimony should

be construed, the plaintiffs could have done no more in reply than they had already done—introduced evidence to show that as the contract was in exactly the shape in which it was when received from Whitmire there could have been no ground for inferring that the plaintiffs would have done the most improbable thing of sending the contract to Whitmire with the guaranty not on it, and then when the signatures of the defendants, under a perfectly blank space and, therefore, meaningless, send the contract back to the same printer with the same type to have the guaranty falsely and fraudulently interpolated.

The conclusion of the Judge manifestly, therefore, being based upon two misconceptions of the law, should not be allowed to stand.

It is not improbable, an hypothesis which comports with the high reputation the Circuit Judge has given the defendants, and which doubtless they fully deserve, that they were deceived into signing the paper upon the representation of Whitmire that it was only a recommendation of him, upon which they based their testimony that there was no guaranty upon the contract. It is impossible to reconcile the allegation in their answers that the contract contained a recommendation with their testimony that the space was entirely blank.

I think that the judgment of the Circuit Court should be reversed, and that the report of the Referee be confirmed.