15666

MASON v. WILLIAMS *ET AL.*
(31 S. E. (2d), 140)
(See: 194 S. C., 290, 9 S. E. (2d), 537)

132

134

*Messrs. DePass & DePass,* of Spartanburg, S. C., Counsel for Appellants,

*Messrs. Daniel & Russell,* of Spartanburg, S. C., Counsel for Respondents,

Counsel for Appellants,

July 25, 1944.

CIRCUIT JUDGE L. D. LIDE, ACTING ASSOCIATE JUSTICE, delivered the unanimous opinion of the Court:

This is the second time this case has been before this Court, and the present appeal is by the plaintiff from the order for final judgment of the Court of Common Pleas

for Spartanburg County in favor of the defendants, dated October 16, 1943, handed down by Honorable G. Dewey Oxner, then Judge of the Thirteenth Circuit.

This is a taxpayer's action for the benefit of the City of Spartanburg and was instituted on February 14, 1938, against T. Williams, as city clerk and treasurer, and Fidelity & Deposit Company of Maryland, as surety on his bond, to recover damages in the full principal amount thereof, to wit, $20,000.00, alleged to have resulted to the city and its taxpayers by reason of the alleged failure of the city clerk and treasurer "to send out required notices and to issue executions to the tax collector and to proceed to collect or see that certain paving assessments were collected until after the abutting property liens therefor had expired."

The amended complaint alleges, among other things, that the defendant Williams was the duly elected city clerk and treasurer of the City of Spartanburg, and served as such for a period commencing July 7, 1930, and ending October 20, 1933, and that the defendant Fidelity & Deposit Company of Maryland was the surety upon the official bond of Mr. Williams, dated May 13, 1931, and continuing in full force and effect until October 20, 1933; the condition thereof being in the usual terms, to wit, that the officer should (quoting) "well and truly perform the duties of said officer, as now or hereafter required by law, during the whole period he may continue in said office."

It is further alleged that on March 21, 1932, the city council of the City of Spartanburg adopted a resolution or ordinance requiring the defendant Williams, as City clerk and treasurer, "to notify the owners of property of delinquent paving assessments and within fifteen days thereafter to proceed at once to collect same as provided by law"; but that the city clerk and treasurer failed to carry out the provisions of this resolution or ordinance or the requirements of the statutes of the State; and that as a result of such nonfeasance and misfeasance the lien of the city for certain paving as-

sessments, duly assessed, had expired, causing a loss to the city in the total amount thereof, to wit, $28,854.66.

All of these paving assessments are shown to have been severally ratified on various dates during 1927 or 1928, and hence the liens thereof expired five years and thirty days after ratification, that is to say, some time during the year 1932 or the year 1933.

The defendants answered the amended complaint separately, admitting certain allegations thereof, including the execution of the official bond, but denying that the defendant Williams was in anywise responsible for any failure to collect the paving assessments in question, or that there is any liability on the part of either of the defendants.

There is also an affirmative defense set up in each of the answers to the effect that any delay in the collection of assessments resulted from reliance in good faith upon the advice of the city attorney (the legal adviser of the city under the statutory law of the State) that such paving assessment liens endured for a period of ten years from the time the assessments were ratified; and that *bona fide* reliance upon this advice of counsel on a strictly legal matter is a complete bar to the action.

The answer of the surety company sets up as a further affirmative defense that the City of Spartanburg through its mayor, acting under the authority of its council, in order to induce this defendant to execute the bond, duly represented that its principal, the city clerk and treasurer, "was not responsible for failure to collect delinquent taxes, paving assessments, license fees, etc," and that but for this material representation the bond would not have been executed.

It should also be stated that the answers raise an issue as to the proper construction of the somewhat ambiguous resolution of the city council dated March 21, 1932, to which reference was above made.

Upon the service of these answers the plaintiff moved to strike out the affirmative defenses, and the motion was grant-

ed by the Circuit Court, whereupon the defendants appealed to this Court, as will be seen by reference to the case of *Mason v. Williams et al.,* 194 S. C., 290, 9 S. E. (2d), 537. The prevailing opinion was delivered by Mr. Justice Baker (now Chief Justice), and the order of the lower Court striking out the affirmative defenses was reversed, and these defenses were thus reinstated. And it may be observed that this opinion is an adjudication in relation to the legal principles determinative of the present appeal.

The opinion above referred to was filed on May 28, 1940, and thereafter, to wit, on June 28, 1940, by consent of counsel for the respective parties, the cause was referred to a special referee to take the testimony and report his findings of fact and conclusions of law. While the case was pending before the referee a motion was made by the plaintiff to further amend the complaint so as to allege in substance that the city council of Spartanburg passed a resolution on March 5, 1928, relating to the collection of certain past-due paving assessments, and that the city clerk and treasurer likewise failed and neglected to carry out the provisions thereof; and over the protest of the defendants this amendment was allowed by the referee.

The referee proceeded in due course to take the testimony adduced by the respective parties, amounting to a considerable volume, and thereafter rendered his report dated August 10, 1943, wherein he recommended that the plaintiff have judgment against the defendants for the sum of $20-000.00, with interest from the date of the commencement of the action, and costs. Upon exceptions duly taken to this report the cause came on to be heard before Judge Oxner, who handed down his order, dated October 16, 1943, overruling the referee and adjudging that the complaint should be dismissed with costs, and judgment entered for the defendants; and the cause is now before us upon the exceptions to this order in behalf of the plaintiff; defendants hav-

ing also, asked that the judgment be sustained upon an additional ground to which reference will hereinafter be made.

It should be stated here that the original plaintiff, Miss Martha E. Mason, having died intestate, her two administrators were by order of Court substituted in her stead; but in conformity with the heading the singular number as to plaintiff or appellant is used herein.

Counsel for the appellant properly reduced their numerous exceptions to five questions in their brief. The first three of these questions may be further shortened and combined into one so as to read: Did the city clerk fail to obey the State statutes, or the city ordinance of March 5, 1928, or the city ordinance of March 21, 1932, in connection with the failure to collect certain paving assessments whose liens thereafter expired?

In so far as this composite question or the three questions upon which it is based are concerned, the order of Judge Oxner (indicating an answer in the negative) is entirely satisfactory to us, for the reason that it contains an accurate statement of the pertinent facts, and the conclusion of the Court is soundly based upon the evidence in the light of the legal principles laid down by this Court in this very case. The order of the Circuit Court is therefore adopted as a component part of our opinion herein, to be reported herewith, and to which little, if anything, really needs to be added.

However, certain matters were mentioned in the oral argument at the bar of this Court and in the printed briefs to which some allusion may perhaps appropriately be made. We think, for example, that counsel for the appellant through inadvertence erroneously state that the instant cause was instituted on the equity side of the Court, or that it was so treated by the parties, for the action is manifestly one at law for the recovery of money only, and while it was referred by consent, its character was in no wise thereby changed. It follows that the findings of fact by the trial

Judge are binding on this Court, as has been repeatedly so held. *Gregory v. Cohen & Sons,* 50 S. C., 502, 511, 27 S. E., 920; *Furst & Thomas v. Whitmire,* 135 S. C., 33, 133 S. E., 222. But even if the equity rule prevailed, we are in agreement with Judge Oxner that the acts as found by him are sustained by the decided weight or preponderance of the evidence.

This action had its origin in the policy of the Spartanburg City Council (binding upon the city clerk and treasurer) whereby great leniency was shown to delinquent paving assessment debtors in view of the then prevailing and truly appalling financial depression—a policy sound and reasonable, if the life of the liens had been as long as they were advised by their official legal adviser; the question not having then been judicially determined.

The views of the city attorney, a highly competent lawyer, as to the duration of the paving assessment liens in question were concurred in by other able counsel; and the complexity of the matter, due to the varying statutes and ordinances, will readily appear by reference to the subsequently decided cases of *Cleveland v. City of Spartanburg,* 185 S. C., 373, 194 S. E., 128, and *Blake v. City of Spartanburg,* 185 S. C., 398, 194 S. E., 124, 125, 114 A. L. R., 395, declaring these assessment liens to have expired at the end of five years and thirty days from the time such assessments were ratified by the city council, although the city contended that the liens should be held to run for the period of nine years and thirty days from ratification and hence were still in force. The *Cleveland case* was referred by this Court in its original jurisdiction to the late lamented Honorable W. C. Cothran, as Special Referee, and his excellent report was confirmed and adopted as the opinion of this Court, in which he makes the following statement which is quite pertinent to the matter now before us [185 S. C., 373, 194 S. E., 133]:

"Out of consideration for the property owners, the city authorities deferred commencing any legal steps just as long

as they thought they could consistently do. They were advised to show all leniency possible to the property owners as the depression was at its worst and the city authorities had no desire to oppress any of the property owners. However, the city did not wish to lose its lien, and did begin its efforts to enforce the same within the statutory period as construed by several lawyers of ability who were consulted in regard thereto."

The distinguished referee also expressed genuine regret that the city should suffer for having shown consideration for its citizens resulting in a valuable improvement to property "free of all expense, the expenses being borne by the city at large" and some other property owners who had paid their assessments. But we may observe that viewing the matter solely from an economic standpoint, the loss is not very appreciable, because the improvements were doubtless valuable to the city as a whole, upon which the entire burden now falls.

The fourth question involved in this appeal is stated by counsel for the appellant as follows: "Can the erroneous construction of the wrong act by the city attorney obtained negligently by the city clerk excuse the bonding company from liability on its bond?"

This question is based upon the fact that the original opinion as to the duration of the lien was given by the city attorney in a letter dated February 8, 1928, in which he referred to Section 4508 (Code 1922) as the pertinent section, and that some time in the following year, to wit, on January 28, 1929, he wrote another letter, relating, however, solely to the question of whether a fifteen per cent. penalty could be collected on a paving assessment. The theory of appellant seemingly is that the latter letter tends at least indirectly to show that Section 4508 referred to in the former letter is not the statute applicable to the City of Spartanburg, and that the city clerk and treasurer should have detected this, and that indeed he should have gone further and

sought the advice of the city attorney as to the construction of the particular act, which this Court subsequently held was applicable. It seems to us that a mere statement of this contention is sufficient to show its unsoundness. If the city clerk and treasurer could be held to such a standard of care as to require him to have a discriminating knowledge and understanding of all the statutes relating to paving assessments, this would, we believe, extend the responsibility of an administrative officer far beyond reasonable limitations. Hence we do not think that any negligence could be charged to the city clerk and treasurer in this respect, or that any liability on his part or that of the bonding company could thus arise.

The fifth and last question involved herein as stated by counsel for the appellant is as follows: "Can the bonding company double the premium in bonding that an official 'shall well and truly perform his duties as now or hereafter required by law' and then deny liability after the clerk fails to obey the city's resolution of March 5, 1928, and March 21, 1932, thereby allowing paving assessments to expire?"

This question may be considered in connection also with the respondents' additional ground for sustaining the judgment which was based upon a statement in writing made to the surety company by the mayor to the effect that the city clerk and treasurer was "not responsible for uncollected taxes." This statement was in effect construed in the affirmative defense based thereon as relating to the collection of "delinquent taxes, paving assessments, license fees, etc."; and as so alleged it was held by this Court upon the former appeal that such a representation to the bonding company would be a good defense.

It is true that techinically the word "taxes" does not mean "paving assessments," yet the statement of the mayor to the bonding company must have been understood by both parties as including paving assessments, for otherwise express exception would doubtless have been

made. Indeed, it was said (and truly) in the case of *Jackson v. Breeland,* 103 S. C., 184, 88 S. E., 128, 130, that "in popular parlance, and even in legislative enactments, assessments are frequenty called taxes." The sustaining ground seems tenable, although not necessary to the decision of this cause.

Recurring then to the fifth question, we think it erroneously assumes a failure on the part of the clerk to obey the resolutions mentioned, and we do not consider that doubling the premium of the bond, if this were actually done, would be sufficient to warrant liability. Indeed, we do not find anything in the record with reference to the amount of the premium on the bond involved in this action, except that in consideration of the sum of $200.00 the bond was continued in force for the period beginning October 20, 1932, and ending October 20, 1933. It is true that it is shown by the record that the bonding company had previously issued a bond for Mr. Williams, to wit, on May 28, 1927, the premium on which was $100.00, but this bond related to him as assistant clerk and treasurer, the position he held before he became clerk and treasurer, and is therefore wholly irrelevant. Besides, there is nothing before the Court even to suggest that an increase in the bond premium, if in fact there was such an increase, was due to any circumstance tending to enhance the risk.

We conclude that all the exceptions should be overruled and the judgment of the Circuit Court affirmed.

Affirmed.

MR. CHIEF JUSTICE BAKER, MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES, and CIRCUIT JUDGE G DUNCAN BELLINGER, ACTING ASSOCIATE JUSTICE, concur.