## 18151

Claudie J. ALLEN and E. Freeman Allen, Respondents, v. C. Kenneth GRIMSLEY, Dorothy S. Grimsley and William C. Jones, Jr., of whom C. Kenneth Grimsley and Dorothy S. Grimsley are, Appellants.

(134 S. E. (2d) 211)

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for Appellants,*

*Messrs. McCaskill & Thompson,* of Conway, *for Respondents,*

January 6, 1964.

BUSSEY, Justice.

This is an action at law for damages for breach of a warranty contained in the general warranty clause of a deed

given by the appellants Grimsley to the respondents conveying a lot in Myrtle Beach. The breach complained of is that a mortgage given by the appellants to Myrtle Beach Farms Company was not paid and satisfied, with the result that the respondents were required to and did pay the same in order to clear their title to the lot in question.

At the time of the conveyance, November 1, 1956, the defendant William C. Jones, Jr., now in default and not a party to this appeal, was engaged in the real estate and insurance business at Myrtle Beach under the corporate name and style of Jones Realty Company. The mortgage above mentioned was not paid and satisfied at the time of the conveyance as a result of the defalcation of the said William C. Jones, Jr. The answer of the appellants contains a general denial and the affirmative defense that the said Jones was the agent of the respondents rather than the agent of the appellants in the transaction.

Although an action at law, the cause was referred to the Master for Horry County who found that respondents had been required to and did pay the mortgage to Myrtle Beach Farms in the total amount of $1,422.77 on March 5, 1960; found as a fact that Jones was the agent of the appellants in the entire transaction, and recommended that respondents have judgment in the amount of $1,422.77, with interest at six per cent per annum from March 5, 1960, and the costs and disbursements of the action. The circuit judge concurred in the Master's findings of fact, confirmed the report of the Master and granted judgment in accordance with the recommendations thereof, from which judgment comes this appeal.

The principal facts are as follows. Sometime shortly prior to November 1, 1956, respondents saw the lot in question which had a sign thereon indicating that it was for sale by Jones Realty Company, following which they went to the office of said company, but Mr. Jones was not in. One Alex Smith who was in charge of the insurance department was

present and, in the absence of Mr. Jones, Mr. Smith went with them to the lot and showed them the dimensions thereof on the ground. About a week thereafter, respondents returned and saw Mr. Jones, and, following some discussion, executed an offer to purchase the lot for the sum of $2,-600.00 which was dated October 22, 1956, and in connection therewith made a down payment to Jones in the amount of $500.00. Jones explained to the respondents at the time that there was an outstanding mortgage on the lot in the amount of $1,300.00, which had to be paid and which would necessitate a down payment in that amount. The offer to purchase provided for a down payment of $1,300.00, and for the balance of the purchase price to be secured by a first mortgage to be executed by the respondents.

The offer to purchase was submitted to appellants who accepted said offer and executed a deed to respondents, delivering the same to Jones who, in turn, delivered it to respondents and secured from respondents a mortgage in the amount of $1,300.00 and the balance of the down payment in the amount of $800.00. The mortgage of the respondents was transmitted by Jones to the appellants and, in due course, this mortgage was paid off through Mr. Jones, he remitting to appellants.

The respondents while knowing of the existence of the mortgage to Myrtle Beach Farms Company and the necessity of them making a down payment in the amount of $1,-300.00 in order to satisfy that mortgage, did not know that it had actually not been satisfied until about March 1960, when they sought and did obtain a loan from Coastal Federal Savings and Loan Association, in the course of which transaction the title to the lot was examined. It is undisputed that the respondents were actually required to and did pay the mortgage to Myrtle Beach Farms Company in the amount above mentioned in order to remove the encumbrance and prevent eviction.

While not clear from the record, it is inferable that the appellant C. Kenneth Grimsley knew long before the re-

spondents did that Jones had not satisfied the mortgage with the funds entrusted to and retained by him for that purpose, but the said Grimsley, as far as the record shows, took no action against Jones thereabout.

The appellant C. Kenneth Grimsley testified that Jones had no listing of the lot and no authority to place his sign thereon. It is undisputed in the record, however, that Jones handled considerable business for appellants in Myrtle Beach, including insurance and rentals, and that he had been instrumental in the sale of four other lots owned by appellants. Grimsley contends that in the instant transaction, as well as the other lot sales, Jones was not the agent of the appellants but an independent broker for whose actions appellants are not responsible.

The witness Smith corroborated the fact that the Jones Company's sign was on the lot in question and that a pin on a map in the company office indicated that the lot was for sale, although he had no knowledge as to whether or not there was any listing or authorization from the appellants. Smith further testified as to the Jones Company handling certain other business for the appellants and that he had seen the appellant C. Kenneth Grimsley in Jones' office some half dozen times.

The appellants and respondents were not personally known to each other until respondents discovered in 1960 that the Myrtle Beach Farms Company mortgage had not been paid and fully satisfied. The respondents paid no commission to Jones, and according to appellants neither did they. Some of the answers of the appellant C. Kenneth Grimsley with respect to the payment of a commission to Jones give rise to the inference that Jones would have been paid a commission by the appellants had he not misappropriated the entire down payment. Since he did so, it is argued by the appellants that any commission received by Jones was paid by respondents as all money received by Jones originated with the respondents as purchasers of the lot.

We have not detailed all of the circumstances brought out on examination and cross examination of the witnesses, but we consider the foregoing to be sufficient for the disposition of this appeal. Exceptions on behalf of the appellants allege that the court abused its discretion in failing to find that Jones was the agent of the respondents rather than appellants for the purpose of satisfying the Myrtle Beach Farms Company mortgage. It is at least questionable whether the exceptions as framed present any issue for review by this court. The appellants, however, state the question presented by these exceptions as being, "Was the defendant William C. Jones, Jr. the agent of the respondents Allen or the agent of the appellants Grimsley in receiving the money for the payment of the Myrtle Beach Farms mortgage?"

Waiving any deficiency in the exceptions, however, the question, if any, raised by the exceptions is rather as follows. Was there sufficient competent evidence to support the finding of fact by the master, concurred in by the circuit judge, that the said Jones was the agent of the appellants rather than the respondents? If so, that finding of fact is binding upon this court. *Mason v. Williams*, 205 S. C. 130, 31 S. E. (2d) 140; *Furst & Thomas v. Whitmire*, 135 S. C. 33, 133 S. E. 222.

The order of the circuit judge contains the following, "It is clear from the transcript of testimony in this case that during the negotiations leading up to the sale of this lot of land, during the actual sales transaction and thereafter, William C. Jones, Jr. was the actual agent of C. Kenneth Grimsley and Dorothy S. Grimsley, and was not the agent of the plaintiffs." The record reflects that this finding of fact by the circuit judge was fully sustained by sufficient competent evidence, some of which we have hereinabove set forth; therefore, his findings are conclusive and not reviewable here.

The appellants further contend that since the offer to purchase bound the respondents to give the appellants a first mortgage, respondents assumed the duty of

satisfying the Myrtle Beach Farms mortgage from monies delivered by them to Jones. In this connection the appellants rely upon the following language in the offer to purchase:

"1. The seller is to furnish a marketable title through delivery to me of a fee simple deed, free of all claim of dower or other encumbrance and with full warranty, except as follows: none except first mortgage set forth above."

Of course, the first mortgage referred to was the purchase money mortgage respondents were to give to the appellants.

In support of this contention the appellants cite authorities which are simply not applicable to the facts of this case, and overlook two important considerations. The language of both the offer to purchase and the general warranty given by the appellants obligated the appellants to pay off and satisfy their own mortgage. The argument also overlooks the finding of fact, supported by sufficient competent evidence, that Jones was the agent of the appellants rather than the respondents for the purpose of satisfying appellants' mortgage. There is no merit in this contention of the appellants.

The only other contention of the appellants is that neither the master nor the circuit judge made a specific finding of fact to the effect that the warranty given by the appellants had been breached. Most of appellants' argument in support of this contention is that, in point of fact, there was no breach, this argument being based upon the repetitious argument that Jones was the agent of the appellants. We deem this contention to be without any merit.

True, there was no specific finding of fact as to a breach of warranty, but such finding is inherent in both the report and the order. The action is for the breach of a general warranty, the defense being limited to a general denial and the contention that Jones was not the agent of the appellants. It is undisputed that respondents have been required to and did pay the mortgage of the appellants, and once the issue of agency was disposed of adversely to appellants, it became undisputed that there was a

breach of warranty and there was no need for a specific finding as to an undisputed fact. Moreover, the rendering of a judgment for the amount of damages sustained by the breach was tantamount to a factual finding. of a breach, just as would have been the verdict of a jury favorable to the respondents, had appellants not waived a jury trial. It is clear that there was a breach of a warranty and that the respondents had the legal right to pay the mortgage debt and recover from the appellants. See *Morris v. Lain,* 176 S. C. 310, 180 S. E. 206, 100 A. L. R. 1189, and cases therein cited.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.